EDWARD FOX *& al.*, *Ex'rs*, *versus* PHENIX FIRE INS. CO.

By c. 34, § 3, of the Public Laws of 1861, a misrepresentation of title to a parcel of the property insured, shall not affect the contract as to other parcels, either real or personal, covered by the policy.

Hence, where the plaintiffs, as mortgagees of a part of the machine works and buildings occupied by the mortgager, procured a policy of insurance upon their interest, covering all the said works and buildings; — *Held,*
That, in an action on said policy, the plaintiffs could recover the amount of their policy, if the loss upon the machine works and buildings, covered by the mortgage, was more than the amount insured.

Where the plaintiffs, as mortgagees, procured a policy on their interest in the mortgaged property, and the policy contains the usual apportionment provision; and a subsequent mortgagee procures an insurance in another company on the same property; the plaintiffs, in case of loss, are not liable to be apportioned with such subsequent mortgagee, but are entitled to recover the whole amount insured by them, being less than the loss or damage to the property.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding.

ASSUMPSIT on a policy of insurance against fire.

The policy covered all the buildings occupied by the mortgager, when in fact he owned and mortgaged to the plaintiffs' testate only a portion of them.

The defendants contended that the plaintiffs, having insured what they had no interest in, the policy was void.

The defendants filed a motion to set aside the verdict as being against the weight of evidence in the case; but the view taken by the Court renders a report of the evidence unnecessary.

The remaining facts sufficiently appear in the opinion of the Court.

*Rand*, for the defendants.

*Fox*, for the plaintiffs.

The opinion of the Court was drawn by

DAVIS, J. — The plaintiffs, as executors of the will of Hezekiah Winslow, insured a mortgagee's interest in certain buildings and machinery, in the defendant company.

Daniel C. Emery, another mortgagee, whose mortgage was of a later date, but was recorded earlier, also had a policy of insurance, issued by another company, upon the same property.

In the plaintiffs' policy there is a provision that, " in case of any other contract of insurance upon the property hereby insured, whether such other contract shall be valid or not, as against the parties thereto, the assured shall not, in case of loss or damage, be entitled to recover of this company any greater portion of the loss or damage sustained, than the amount hereby insured shall bear to the whole amount insured on said property." And the counsel for the defendants contended that the plaintiffs were entitled to recover only that proportion of the loss which the amount insured in their policy bears to the amount insured in both policies. But the jury were instructed that the plaintiffs were not liable to be apportioned with Emery, but were entitled to recover the whole amount insured by them, being less than the loss or damage to the property. To this instruction the defendants excepted.

A mortgagee may insure his interest in the property, without regard to the mortgager. And, in case of loss, he may recover the amount, without any liability to account to the mortgager therefor. *Concord M. F. Ins. Co.* v. *Woodbury*, 45 Maine, 447. So, different mortgagees of the same property have independent interests, which each may insure for his own benefit, to the full amount.

Policies of insurance against fire, as in the case at bar, usually contain a provision against other insurance, without notice ; and also providing, in case of other insurance on the same property, for an apportionment of any loss. But, as the parties would not be likely to make a contract that could be affected or avoided by the acts of third persons, over which they could have no control, such provisions have been understood to refer to other insurance *by the same person*, or to other insurance *of his interest*. Such a construction is

reasonable, and is not in conflict with the language, however ambiguous.

"If this provision," says NELSON, J., in *Ætna F. Ins. Co.* v. *Tyler*, 12 Wend., 507, "is to be literally construed, it would include an insurance by any person. * * But the rational interpretation, I think, is, to confine the provisions to previous insurance *by the party himself.*" And this construction was confirmed by the Court of Errors, in the same case, in an opinion by Chancellor WALWORTH, 16 Wend., 386.

This view was also sustained in the case of *Mut. Safety Ins. Co.* v. *Hone*, 2 Coms., 235. "The phrase *property hereby insured,*" says GARDINER, J., "refers to the *interest of the assured.* * * The object was to guard against double insurance, which is an insurance of the *same interest.*" And CADY, J., says, "when it speaks of other insurance on the property it has reference to an insurance *to which the assured can resort for a part of his indemnity.* The clause was inserted in the policy to restrain the insured, if he had more than one policy, from recovering more than a proportional part of the loss on any one policy."

We think this construction is reasonable, and must have been intended by the parties. The instruction was therefore correct.

Some questions have been raised in regard to the title to the property described in the policy. But the statute of 1861, c. 34, was in force when the policy was made. There is no special provision in the policy that any mistake in the description of the title or interest of the insured in the property shall render it void. And, under the *statute*, the mistake itself, of its own force, cannot have that effect. *Emery* v. *Piscataqua Ins. Co.*, *ante*, p. 322.

*Exceptions and Motion overruled.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and BARROWS, JJ., concurred.