## Case No. 7,400.

JOHNSON v. NORTH BRITISH, ETC., INS. CO.

[Holmes, 117.] [1]

Circuit Court, D. Massachusetts. March, 1872.

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

Charles Allen, for plaintiff.
N. A. Leonard, for defendants.

SHEPLEY, Circuit Judge. A mortgagee may insure his interest in the property without regard to the mortgagor, and, in case of loss, he may recover the amount without any liability to account to the mortgagor. Different mortgagees of the same property have independent interests, which each may insure for his own benefit, to the full amount.

The policy in this case contains the following provision: "Nor shall the assured be entitled to recover of this company any greater proportion of the loss or damage than the amount hereby insured bears to the whole sum insured on said property, whether such other insurance be by specific or by general or floating policies, and without reference to the solvency or the liability of other insurers." Similar provisions are usually inserted in policies of insurance against fire. The object of such provisions is to guard against a double insurance of the same interest, and to prevent the insured, if he has more than one policy upon the same interest, from recovering upon any one policy more than a proportional part of the loss. This provision refers to other insurance by the same person, or to other insurance of the same interest. It does not apply to the case of separate insurance by mortgagor or mortgagee, or by different mortgagees upon the same property. The phrase "property hereby insured" refers to the interest of the assured. Parties to the contract could not have contemplated or intended a construction by which the contract could have been affected or avoided by the acts of third persons over which they could have no control. Fox v. Phoenix Fire Ins. Co., 52 Me. 333; Tyler v. Aetna Fire Ins. Co., 12 Wend. 507, 16 Wend. 386; Carpenter v. Providence Wash. Ins. Co., 16 Pet. [41 U. S.] 501. The other insurances which were effected by the mortgagors in other companies were not upon the plaintiff's interest as mortgagee. They were upon the mortgagor's interest in other property, and also covered the mortgagor's interest in the property mortgaged and covered by the policy now in suit. These policies were made payable in case of loss to S. Johnson, as his interest may appear. Johnson had requested the mortgagors to have some insurance policies upon other property made payable to him, to secure him for an additional sum other than the mortgage debt, and for which he held no security. Johnson did not know until after the fire that Whitaker & Co. had taken out the other policies, or that they had been made payable to him in case of loss, or that they covered the mortgagors' interest in the mortgaged property. After the fire, the plaintiff received in settlement of the amounts due on the policies from three other companies the sum of $5,567.31, which he applied in part payment of the amount of $6,200 due him from Whitaker & Co.. other than the mortgage debt. As these policies were not upon his interest as mortgagee; as they were not taken upon the mortgaged property with his knowledge or by his request; as, in fact, if the subsequent policies were not invalid, they applied only to the separate interest of the mortgagor,—they do not furnish any defence to the suit upon this policy. If a mortgagor procures a policy on the mortgaged property against fire, and afterwards assigns the policy to the mortgagee as collateral security, that assignment operates solely as an equitable transfer of the policy so as to enable the mortgagee to recover the amount due in case of loss; but it does not displace the interest of the mortgagor in the premises insured. On the contrary, the insurance is still his insurance, and on his property, and for his account. Carpenter v. Providence Wash. Ins. Co., 16 Pet. [41 U. S.] 501. Judgment for plaintiff for the amount due upon the policy; amount to be assessed.