ALPHEUS H. HARDY & others, trustees, *vs.* LANCASHIRE
INSURANCE COMPANY

Suffolk.    March 16, 1896. — May 23, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Fire Insurance — Interest of Mortgagee — Additional Insurance — Interest.*

A policy of fire insurance on property subject to a mortgage was issued to the
mortgagor, and by a rider attached to it the policy was made payable to the
mortgagee "as his interest may appear." The rider also provided "that, if
there shall be any other insurance on said property, this company shall be liable
only for such proportion of the loss sustained as the amount insured hereby
shall bear to the whole insurance on the property hereby insured, whether such
other insurance applies in the same manner or not. Other insurance permitted."
The policy also contained a provision that the mortgagee was not to be affected
by any act of the mortgagor to which he did not consent. The amount of the
insurance and the mortgage debt was $3,000. After the policy was issued, the
mortgagor, without the knowledge of the mortgagee, procured additional insur-
ance on the property in another company to the amount of $1,500, payable to
himself. A loss occurred which was found by referees to amount to $2,775.
*Held,* in an action by the mortgagee against the insurance company that the
plaintiff was entitled to recover the full amount of the loss.

A fire insurance policy provided that in case of loss "the company within sixty
days after the insured shall have submitted a statement . . . shall . . . pay
the amount for which it shall be liable, which amount, if not agreed upon, shall
be ascertained by award of referees." A loss occurred, proof of which was
received by the company, and within sixty days thereafter the amount thereof
was determined by referees, and the person to whom it was payable was
ascertained. After the expiration of the sixty days, the loss remaining unpaid,
suit was brought for its recovery. *Held,* that interest should have been al-
lowed from the expiration of the sixty days, and not from the date of the writ.

CONTRACT, on a policy of insurance against loss by fire.

The case was submitted to the Superior Court, and, after judg-
ment for the plaintiffs for the full amount of the loss, to this
court, on appeal, upon agreed facts, which, so far as material,
appear in the opinion and in a note by the reporter.

*J. D. Bryant,* for the defendant.

*G. M. Reed,* for the plaintiffs.

FIELD, C. J. This is an action on a policy of insurance
brought by the mortgagees, to whom the loss was made payable
"as their interest may appear." The policy is the Massachusetts
standard policy, as prescribed by St. 1894, c. 522, § 60, and it

has a slip or rider attached.* It was issued to Herbert H. Brown on his property. The amount of the insurance is $3,000; the amount of the loss has been found by referees to be $2,775; and the amount due on the mortgage is $3,000 and some interest. Brown, after this policy was issued, procured additional insurance on the property in another company to the amount of $1,500, payable to himself, and the plaintiffs never had any knowledge of this additional insurance until after the loss occurred. The defendant admits that, under the rider attached to the policy, other insurance was permitted, and contends that, in accordance with the terms of the rider, it is liable for only thirty forty-fifths of the loss. The plaintiffs contend that their right as mortgagees to recover to the extent of their interest is not affected by this additional insurance, as it was not obtained by them, or for their benefit, or with their knowledge.

St. 1894, c. 522, § 60, cl. 7, authorizes slips or riders to be attached to policies modifying the provisions in the body of the policy. The defendant in effect concedes that the provisions of the policy with reference to the mortgagees constitute a contract by the terms of which both parties are bound. One provision

---

* The material portions of the rider, written words being printed in Italics, are as follows:

" On *frame* building and additions thereto while occupied as a dwelling, situate *on west side of Vernon Street, Woburn, Mass.*

"*Payable in case of loss to Alpheus H. Hardy, Solomon P. Stratton, and George M. Reed, trustees under will of Thomas C. Wales, mortgagees, as their interest may appear.*

" This insurance includes the following items of property of assured, and belonging to said dwelling : foundations, all landlord's apparatus and fixtures for heating, lighting, and cooking, storm doors, outside windows, blinds, wire screens, screen doors, and awnings, whether in position or stored in said dwelling, frescoing, and plate glass. Provided, however, that if there shall be any other insurance on said property, this company shall be liable only for such proportion of the loss sustained as the amount insured hereby shall bear to the whole insurance on the property hereby insured, whether such other insurance applies in same manner or not. Other insurance permitted. . . .

" It is understood and agreed that this policy shall cover loss or damage by lightning to the property hereby insured, whether fire ensues or not, provided, that if there is other insurance upon the property damaged, this company shall be liable for only such proportion of the loss or damage as the amount hereby insured bears to the whole amount insured thereon, whether such other insurance contains a similar clause or not."

in the body of the policy is as follows: "If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate." The defendant, as we understand, does not seriously contend that, according to the body of the policy, the plaintiffs would not be entitled to recover the full amount of the loss. See *City Five Cents Savings Bank* v. *Pennsylvania Ins. Co.* 122 Mass. 165; *Eliot Five Cents Savings Bank* v. *Commercial Union Assurance Co.* 142 Mass. 142. The defendant relies mainly if not solely upon the language of the rider. The policy provides that it shall be void "if the insured now has or shall hereafter make any other insurance on the said property without the assent in writing or in print of the company," and also provides that "if there shall be any other insurance on the property insured, whether prior or subsequent, the insured shall recover on this policy no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon." The rider provides that, in the event of other insurance, the company shall be liable only *pro rata*, and adds, "whether such other insurance applies in same manner or not. Other insurance permitted." The rider also contains, among others, the following clause: "It is understood and agreed that this policy shall cover loss or damage by lightning to the property hereby insured, whether fire ensues or not, provided, that if there is other insurance upon the property damaged, this company shall be liable for only such proportion of the loss or damage as the amount hereby insured bears to the whole amount insured thereon, whether such other insurance contains a similar clause or not." The principal differences between the provisions of the body of the policy and of the rider concerning other insurance are that by the rider other insurance is permitted; that, by the body of the policy, the insured, if there is other insurance, can recover only *pro rata;* and that the plaintiffs as mortgagees are not to be affected by any act of Brown to which they have not consented. By the rider the provision is, that in the event of other insurance "this company shall be liable for only such proportion of the loss," etc., which, it is contended, means shall be liable only for such proportion to either the mortgagor or the mortgagees. The defend-

ant also relies upon this clause in the rider, viz. " whether such other insurance applies in same manner or not," contending that it means that the *pro rata* provision of the rider shall be enforced as to both the mortgagor and the mortgagees, whether the additional insurance is made payable to the mortgagees or not.

The history of the provisions in the standard policy in favor of a mortgagee is well known. These provisions in their present form are intended to afford to the mortgagee full indemnity to the extent of the insurance and of his interest in the property, unless the policy is avoided by some act of his, or of his agents or of those claiming under him, and the mortgagee in certain events comes under obligation to the insurance company to pay for any increase of risk, and to assign to it his mortgage. The rider in the copy of the policy before us is printed, except that part of it which describes the property and the persons to whom the loss is payable, and if intended to affect the interests of mortgagees it should have been more explicit. Mortgages ordinarily provide that the mortgagor shall keep the premises insured in a certain amount, for the benefit of the mortgagee, in such form and in such companies as the mortgagee shall approve. The policy of the Commonwealth, that such insurance shall not be avoided so as to affect the mortgagee's interest by the acts of the mortgagor, is shown by the adoption of a standard form containing such a provision, and this is the form which mortgagees usually demand. The provisions contained in the standard form can be added to or modified by writing or printing across the face of the policy, or on riders attached thereto, any stipulations specially agreed upon; but an intention fundamentally to change the protection afforded to mortgagees by the standard policy ought not to be inferred from ambiguous and doubtful words.

The insurance, as expressed in the rider, is upon a frame building while occupied as a dwelling. The rider also expressly includes as within the policy the following items of property belonging to the dwelling: " foundations, all landlord's apparatus and fixtures for heating, lighting, and cooking, storm doors, outside windows, blinds, wire screens, screen doors, and awnings, whether in position or stored in said dwelling, frescoing, and plate glass." We think that the phrase, " whether such other insurance applies in same manner or not," means whether such other insurance covers all the enumerated articles of property, or

not in the same manner as the insurance under this policy. The express provision for lightning in the rider is that the policy shall cover loss or damage whether fire ensues or not, and that the company shall bear only its fair *pro rata* proportion of the loss in case of other insurance, whether such other insurance contains a similar provision concerning lightning or not, which tends to confirm our interpretation of the preceding clause. The phrase " Other insurance permitted " means, we think, other insurance by Herbert H. Brown on his interest in the property ; and the clause " this company shall be liable for only such proportion," etc., means liable to the insured, who is Brown, and is not intended to change the meaning of the similar clause in the body of the policy. The policy throughout deals only with insurance by Brown upon his property, although the insurance has been in effect assigned to the mortgagees to the extent of their interest, and they are to be protected against the acts of Brown.

If the additional insurance had been procured on the request of the mortgagees, the procuring of it might perhaps be held to be their act, within the meaning of the policy ; certainly this would be so if it had been procured for their benefit.

The result we have reached is in accordance with the following decisions upon somewhat similar policies : *Hastings* v. *Westchester Ins. Co.* 73 N. Y. 141; *Eddy* v. *London Assurance Co.* 143 N. Y. 311 ; *Hartford Ins. Co.* v. *Olcott*, 97 Ill. 439. The decision in *Hartford Ins. Co.* v. *Williams*, 63 Fed. Rep. 925, is the other way, but it is put upon the particular language of the policy, which is as follows : " It is further agreed that, in case of any other insurance upon the property hereby insured, then this company shall not be liable under this policy for a greater portion of any loss sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein."

The policy in the case at bar provides that " in case of any loss or damage, the company, within sixty days after the insured shall have submitted a statement as provided in the preceding clause, shall either pay the amount for which it shall be liable, which amount, if not agreed upon, shall be ascertained by award of referees as hereinafter provided, or replace the property," etc. Proof of loss was received by the company on September 12, 1894, and within sixty days thereafter the amount of the loss

was determined by referees to be $2,775. Sixty days from September 12, 1894, expired November 11, 1894. The writ is dated December 15, 1894. The Superior Court allowed interest from the date of the writ. The plaintiffs contend that interest should be allowed from November 11, 1894. There is no contract to pay interest. *Oriental Bank* v. *Tremont Ins. Co.* 4 Met. 1. If interest is recoverable at all, it is as damages for not paying over the money when it became payable. It does not appear distinctly that a demand was made before bringing the action. In New York and some other States it is held that interest in such a case is recoverable from the expiration of sixty days from the proof of loss. *Hastings* v. *Westchester Ins. Co., ubi supra. Home Ins. Co.* v. *Adler,* 71 Ala. 516. *Knickerbocker Ins. Co.* v. *Gould,* 80 Ill. 388. *Randall* v. *American Ins. Co.* 10 Mont. 340. *Hanover Ins. Co.* v. *Lewis,* 28 Fla. 209. It is said that in England, in actions on policies of insurance, the law is otherwise, and that interest on sums payable at a time certain, where there is no contract to pay interest and no usage and no demand, is given only in actions on bills of exchange, promissory notes, and other commercial securities. *Higgins* v. *Sargent,* 2 B. & C. 348. In this Commonwealth, where a definite sum of money is payable absolutely at the expiration of a certain time without demand, interest generally is allowed from the time when the money should have been paid. *Dodge* v. *Perkins,* 9 Pick. 368. *Foote* v. *Blanchard,* 6 Allen, 221. In insurance policies it often happens that there is some dispute about the amount due, or the person to whom it is payable, or the event on which it becomes payable, which takes it out of the general rule. *Hutchinson* v. *Liverpool, London, & Globe Ins. Co.* 153 Mass. 143. *Pierce* v. *Charter Oak Ins. Co.* 138 Mass. 151. *Thwing* v. *Great Western Ins. Co.* 111 Mass. 93. In the present case the amount was made certain before the expiration of sixty days from the proof of loss; the persons to whom the sum due the mortgagees was payable were certain ; and the only dispute was whether the defendant should pay the mortgagees thirty forty-fifths of the amount of the loss, or the whole of it. Under these circumstances, we think the Superior Court should have reckoned interest from the expiration of the sixty days.

The plaintiffs are entitled to judgment for $2,775, with interest from November 11, 1894.                    *So ordered.*