# Home Ins. Co. of New York v. Koob, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. AFFIRMED.

FIRE INSURANCE—WAIVER OF PROOFS—CONDITION AGAINST ADDITIONAL INSURANCE—INSURANCE OF MORTGAGEE'S INTEREST—MISREPRESENTATION AS TO AMOUNT OF MORTGAGE.

Held: 1. A denial by the insurer of all liability for the loss was a waiver of proofs of loss.

2. Where a policy procured by the owner provides that it shall be void "if now or hereafter there be other insurance on any property hereby insured," the fact that a mortgagee subsequently procures insurance upon his interest does not render the policy void, the interest thus insured being distinct from the owner's interest; and especially is this true where neither the owner nor the mortgagee has any knowledge of the insurance procured by the other.

3. The burden was on defendant insurance company to show that a misrepresentation by insured as to the amount he owed on the mortgage was material to the risk, there being no fraudulent motive; and, the insured having testified that he stated a minimum and a maximum amount in his representation to the agent as to the amount due, the chancellor was authorized to accept the maximum amount as the amount stated by insured to be due.

4. A misrepresentation by insured as to the amount due on the mortgage was not material to the risk, and therefore did not avoid the policy, where there was no considerable difference between the true balance due and the balance represented, especially when the form in which the representation was made showed that insured did not pretend to be accurate.

5. Where the owner and a mortgagee have effected insurance on their separate interests, in an action by the owner on his policy defendant is not entitled to maintain a cross action for contribution against the company insuring the mortgagee's interest.

ISAAC T. WOODSON, FOR APPELLANT.

### LEGAL PROPOSITIONS AND AUTHORITIES.

1. When, by the terms of a policy, it is provided that, if there be other insurance on the property, that fact will render the policy void, this is an enforceable provision; and other insurance on the property, existing at the time, or taken out subsequently by the insured, or for his benefit and at his expense, will render the policy null and void, in case of loss by fire; unless the insurer is notified, before the loss, of such other insurance, and waives the objection.  Baer v. Phoenix Insurance Co., 4 Bush, 244; Phoenix Insurance Co. v. Spiers, 87 Ky.. 294; Joyce on Insurance, par, 2457; Home Ins. Co. v. Allen, 14 Ky. Law Rep., 162.

2. While a mortgagee may insure his mortgage interest in property at his own cost, and in that event, the mortgagor will receive no benefit from such insurance, yet if the mortgagee under his contract with the insured, who is the mortgagor, insures the property at the cost of the mortgagor, and gives him notice of it, then, in that event, the insurance is "Other Insurance" within the meaning of a prior policy which forbids "Other Insurance" on the property. Concord U. M. F. Insurance Co. v. Woodbury, 45 Me., 454 (Joyce on Insurance, vol. 4, secs. 2559 and 3567); Joyce on Insurance, par. 2483.

3. When a policy of insurance is obtained by false, or fraudulent representations, material to the risk, the policy can not be enforced; and this rule applies to false and fraudulent representations concerning the amount of a mortgage lien upon the property; especially in a case where inquiry is made.  Joyce on Insurance, vol. 2, par. 1896; May on Insurance, par. 290, p. 381; 8 Cushing (Mass.) 127; 10 Cushing (Mass.) 44; 7 Allen (Mass.) 132; Firemen's Fund Insurance Co. v. Meschendorf, 14 Ky. Law Rep., 758; Springfield Insurance Co. v. Phillips, 16 Ky. Law Rep., 393; Sec'y Insurance Co. v. Bronger, 6 Bush. 146; Home Insurance Co. v. Allen, 14 Ky. Law Rep., 161; Smith v. Aetna Ins Co., 49 N. Y., 215; Dennison v. Mutual Ins. Co., 20 Me., 130; Bowditch v. Mut. Fire Ins. Co., 3 Gray (Mass.), 415; Fame Ins. Co. v. Thomas, 10 Ill. Appeal, 555; Horn v. Amicable Life Ins. Co., 64 Barb. N. Y., 83; Hickey v. Dwelling House Insurance Co., 20 O. Cir Ct. Rep., 385; Slope Mine Coal Co. v. Quaker City Mut. Fire Ins. Co., 13 Pa. Sup. Ct., 626; Lion Ins. Co. v. Wicker (Texas), 55 S. W. Rep., 741; Ashford v. Met. Ins. Co., 80 Mo. Appeal, 638; Planters' Mut. Ins. Co. Lloyd, 56 S. W., Rep., 44.

4. When a policy of insurance provides for a pro rata of other insurance on the property insured, the extent of liability of the company issuing such a policy is to pay pro rata such loss as may occur in proportion to the whole insurance on the property. Joyce on Insurance, secs. 3462, 3519, 2483, 2484; Sun Insurance Company v. Varble, 20 Ky. Law Rep., 559; Continental Insurance Company v. Coons, 14 Ky. Law Rep., 110; Baer v. Phoenix Insurance Co., 4 Bush, 242; Home Ins. Co. v. Baltimore Ins. Co., 93 U. S., page 527; Teague v. Germania Ins. Co., 71 Ala., 473.

5. An agreement to arbitrate the question of value of loss by fire providing in its terms that it is to decide no other question in the case, is not a waiver of any defense in an action. Smith v. Herd (Opinion filed February 20, 1901, to be reported), 22 Ky. Law Rep., 1596; Gasser v. Sun F. Office, 42 M. W., 252; Flemming v. Phoenix Ins. Co., 75 Hun. N. Y., 530; 57 N. Y. St., 539; Zaller v. Laclede Ins. Co., 14 Mo., 44 Mo., 530; Penn. Fire Ins. Co. v. Drackett, 63 Ohio St., 41.

6. When the demurrer admits the facts, no evidence is competent to contradict. The third paragraph of the amended answer, charging false and fraudulent representations, must be taken as true. (Civil Code, section 126.)

7. A subsequent insurer can not be allowed to avail himself of the benefit of a contract for subrogation, as against the rights of a prior insurer. Joyce on Insurance, vol. 4, paragraphs 3559, 3567; also paragraphs 2483-4.

STANLEY E. SLOSS FOR W. R. LOGAN, APPELLEE, W. W. THUM, FRED FORCHT, OF COUNSEL, FOR APPELLEES.

POINTS AND AUTHORITIES.

1. A denial of liability waives proofs of loss. Orient v. Clark, 22 Ky. Law Rep., 1066; Lancashire v. Monroe, 101 Ky., p. 12.

2. Failure of a mortgagor in his proof to state insurance taken out by a mortgagee is not a defect; the mortgagee's policy is not other insurance.

3. Under a condition in a policy of insurance procured by a mortgagor that it shall be void if there is other insurance upon the property, the policy is not avoided by the policy procured by the mortgagee in his own name. 3 Joyce on Insurance, sec. 2470.

4. Nor is the company insuring the mortgagor entitled to pro rata contribution with company insuring the mortgagee under a provision in the policy insuring the mortgagor, for pro rata contribution with another insurance "upon the property hereby

insured." Hastings v. Insur. Co., 73 N. Y., 141; Ins. Co. v. Olcott, 97 Ill., 439; Eddy v. Ins. Cor., 143 N. Y., 311; Sun Ins. Office v. Varble, 20 Ky. Law Rep.,556, distinguished.

5. The insurer's right of contribution is only a right to reduce its liability, and not an independent cause of action against another insurer. London, &c. v. Turnbull, 86 Ky., 230.

6. A condition in a policy requiring entire, unconditional and sole ownership of the property to be in the insured is not broken by a mortgage. Ellis v. Ins. Co., 32 Fed., 648; Lancashire Ins. Co. v. Monroe, 101 Ky., 12.

7. Existence of a mortgage is not material where no condition against the mortgage appears in the policy. Phoenix v. Phillips, 16 Ky. Law Rep., 122; Firemen's Fund v. Meschendorf, 14 Ky., 757.

' 8. In the case at bar the existence of the mortgage was known to the appellant insurer before it issued the policy, and the existence of a mortgage was called to its attention when the policy was issued; the balance due was about $550.00, and the appellant claims that the assured represented it to be $150. The assured testifies that he represented the mortgage to be about $300 and that he had a claim for about $200 against the mortgage which he supposed to be, and which is not, an off-set against the mortgage, which was made to a building and loan association, the supposed credit being a stock payment. This is neither intentionally false, nor fraudulent, nor material. Light v. Greenwich, 58 S. W., 851; Phoenix v. Phillips, Ky., 16 Law Rep., 122; Lancashire v. Monroe, 101 Ky., 12.

9. The insured property was a double house; one side was alleged to have been unoccupied at the time of the fire. It is contended that the policy is avoided under a provision that it should be void if the *premises* be or become vacant, unoccupied or uninhabited. This means not if a part of the premises is vacant, but if all the premises is vacant, and the allegation that part of the premises is vacant is bad on demurrer. Imperial v. Kernan, 83 Ky., 468. ·

10. A mistake in a policy of insurance may be corrected to conform to the agreement of the parties on *oral* evidence of the meaning of the parties and of what they intended the contract should be. Phoenix v. Spears, 87 Ky., 285.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellee Koob owned a double frame house on Lombard street, Louisville. He mortgaged it in 1894 to the Kentucky Citizens' Building & Loan Association to secure a

loan of $700, payable in monthly installments, on the fam-
iliar building association plan. At the same time he con-
tracted with appellant for an insurance against loss or
damage by fire to the building to the extent of $800. The
policy was indorsed, "Loss, if any, payable to the Ken-
tucky Citizens' Building & Loan Association, mortgagee,
as its interest may appear," etc. The bond from Koob and
wife to the building association contained this stipula-
tion: "Now, if we pay promptly the monthly interest
on said sum of $700, and the monthly premiums of $3.50
offered by us for said loan, and the monthly payments on
said shares of stock, and any fines assessed under the rule
of said association, and the taxes accruing on the lot of
land described in the mortgage securing this obligation,
and the premiums necessary to keep the improvements on
said lot insured in such sum as said association may re-
quire (not exceeding $700) until the said stock becomes
fully paid in and of the value of $100 per share, then it
is understood that upon the surrender of said stock to
said association this note shall be deemed fully paid and
canceled." In March, 1899, the policy of insurance above
named expired. In the meantime the building associa-
tion had made a deed of assignment to appellee W. R.
Logan in trust for all its creditors; transferring to him
under the deed the note and mortgage executed by Koob.
Logan notified Koob of the expiration of the policy, and
requested reinsurance. To this notice Koob failed to re-
spond, and Logan, as assignee of the mortgagee, and with-
out the knowledge of Koob, effected an insurance with the
appellee Agricultural Insurance Company, insuring the
mortgagee's interest against loss or damage to this prop-
erty by fire in the sum of $500. The premium for this in-
surance was paid by Logan, assignee, and charged to

Koob. About the same time, at the instance of appellant's local agent, Lang, Koob took this insurance on the property in a policy for $1,100. This was done without the knowledge of Logan. Neither insurance company knew of or consented to the other's insurance. The property was damaged by fire during the existence of these policies, and the loss fixed by the appraisers at $549.68. Koob has sued the appellant insurance company on the policy issued to him, and Logan, assignee, has also sued appellant (and Koob), attaching the sum that may be owing Koob under the policy. The defenses interposed were: (1) It was claimed by appellant that under certain terms of its policy, hereinafter particularly noticed, the existence of the Agricultural Company's policy on this property, without appellant's consent, voided the policy sued on; (2) that Koob falsely and fraudulently misrepresented to appellant the extent of the mortgage lien upon the property, which misrepresentations are claimed to have been material to the risk: (3) that, in any event, if liable on the policy at all, under a certain clause of the contract its liability was limited to a sum represented by the ratio borne by its policy to the whole of the insurance in existence upon the building.

A preliminary question was made by appellant that Koob had not sufficiently complied with the terms of his policy in furnishing proofs of loss as required. In a letter to Koob from appellant's adjuster, dated January 26, 1900, before the suit, it was stated: "The Home Insurance Company hereby gives notice that any and all liability for said loss is denied." In the answer of appellant it likewise denies all liability for the loss. These constituted a waiver by the insurer of proofs of loss. Insurance Co. v. Monroe, 101 Ky., 12 (19 R., 204) 39 S. W., 434;

Insurance Co. v. Spiers, 87 Ky., 285 (10 R., 254) 8 S. W., 453; Insurance Co. v. Clark, 109 Ky., 285 (10 R., 1066) 59 S. W., 863; Insurance Co. v. Gibbons (23 R., 1130) 64 S. W., 909. One of the conditions of the policy sued on was that, "If now or hereafter there be other insurance on any property hereby insured, this policy shall be void, unless otherwise provided by agreement indorsed hereon." Do the two policies constitute what is termed "other insurance?" The manifest purpose of this and similar provisions in the policies of insurance, as well as of the law in favoring them, is to prevent the temptations arising out of overinsurance,—temptation to the insured to either burn his building for the gain or to neglect its care. If the interest of the insured be a life estate in the property, it could not matter to him,—certainly could not profit him—whether the remainder-men were or not insured, if he had not ample insurance to indemnify his individual loss. Insurance Co. v. Drake, 2 B. Mon., 47. Therefore it was held in the Kentucky case just cited that, where the insurance was independently effected upon distinctive interests, it did not constitute "double insurance," within the meaning of such clauses. Here, though, it is said that the insurance effected by the mortgagee was indirectly for the owner's benefit; for, in event of loss of the building by fire, the mortgagee's insurance would, if sufficient, extinguish the mortgagor's debt. That might or might not be true. But in this case it may be accepted as true. Still we must construe appellant's liability on the terms of its contract, or by the manifest "justice" of the case. If the latter be invoked, then it seems a sufficient response that Koob and Logan were each ignorant of the insurance effected by the other; neither had the legal right to control the act of the other, nor to prevent the issuance

of the respective policies to the other. Therefore the idea which lies at the bottom of the doctrine disfavoring double insurance, to-wit, to prevent the overbalancing self-interest in the insured to destroy or neglect his building, is wanting in this case; for, unless he knew of the other insurance, and contemplated its possible advantage to him, it could not have influenced his action. But the terms of the policy are, after all, the safest, as they are the legal method of determining the insurer's liability. The contract provides, "If now or hereafter there be other insurance on any property hereby insured, this policy shall be void." It is too well settled to require either argument or citation of authority that an insurance effected by one having an insurable interest in the property will not inure to others having also an interest in the property, and not named in the contract, whether they be joint tenants, remainder-men, tenants, or lessors. It therefore follows that the thing insured is not the property, but the interest or estate, of the insured therein. We must, then construe the term in the policy, "any property hereby insured," to mean the insured's interest or title in the property described. 3 Joyce, Ins., section 2470, thus states the rule: "The general rule that different persons, each having a different interest in property, may insure that interest, also prevails where different policies are effected by the mortgagor and mortgagee upon the property. The mortgagor may insure the property to cover his interest, and the mortgagee may likewise insure his interest in the property, and it will not be within the meaning of the clause as to other insurance." It is further argued that in this case the mortgagor, Koob, authorized his mortgagee, the building association, to effect the insurance, and therefore the act of the mortgagee was the act of the mort-

gagor in procuring the Agricultural Company policy. The agreement of the mortgagor was that he would keep the premises insured to the extent, at least, of the mortgage debt. In addition to the language already quoted from Koob's bond, is this statement found therein: "But if we fail to pay promptly when due and payable the said taxes and insurance premiums, . . . then, at the option of the said association, the whole indebtedness evidenced by this obligation (including any taxes and insurance premiums due or paid by said association) shall at once become and be due and collectible." No express authority is here given the association to contract for insurance upon this property. It may be inferred, though, that upon default by the mortgagor to keep the premises insured to at least the balance of the mortgage debt, with a clause protecting the mortgage therein, the mortgagee was authorized to effect such insurance on the owner's behalf, that is, an insurance of the owner's title and property to the amount of $700 (the sum required by the bond)—with loss payable to the mortgagee as its interest might appear. But the mortgagee did not do this. On the contrary, it procured an indemnity to itself from loss by fire on its interest in this property. That its assignee charged or attempted to hold the mortgagor liable for the premium for this insurance is not material. The insurance effected by the mortgagee was exactly what he had the right to do without a contract with or the consent of the owner. It was independent of that part of the agreement with the owner quoted above. It shows on its face that it was, and the assignee so testified. We conclude that there was not "other insurance on the property" of appellee Koob within the meaning of that term as construed in law.

The case of Insurance Office v. Varble, 103 Ky., 758 (20 R., 556) (46 S. W., 486, 41 L. R. A., 792) is relied on by appellant as sustaining a contrary view. In that case it must be noted that the language of the policy is materially different from the one at bar. In the Varble case it was: "In case of any other insurance upon the property hereby insured, then this company shall not be liable under this policy for a greater portion of any loss sustained than the sum hereby insured bears to the whole amount of in- surance on said property issued to or held by any party or parties having an insurable interest therein." This court held that the "insurance companies had the right to place in their policies provisions defining and limiting their several liabilities;" that they, in that policy, "by express and unmistakable language, limited their liabilty so that they would not be required to pay a greater portion of any loss sustained than the sum they respectively insured bore to the whole amount on the property." The insurance held by any party having an insurable interest in the property was, therefore, under the terms of the policy, re- quired to be taken into account. To the same effect, and upon a similar policy to the one construed in the Varble case is Insurance Co. v. Williams, 11 C. C. A., 503, 63 Fed. 928. The case of Home Ins. Co. v. Baltimore Warehouse Co., 93 U. S., 527, 23 L. Ed., 868, was an instance where policies were taken out by the warehousemen "for their own and for the owner's benefit." Other policies were taken out on the same goods by the owners. It was held that the policies should bear ratably the loss. That case is not in conflict with the views herein expressed. The other cases cited by appellant (Insurance Co. v. Coons, 14 Ky. Law Rep., 110, and Baer v. Insurance Co., 4 Bush, 242)

370            KENTUCKY REPORTS.            [Vol. 113

Home. Insurance Co. of New York v. Koob, &c.

were cases where all the policies were issued to the same party.

Pending the negotiation between Koob and appellant's agent for this insurance, the fact of the mortgage on the property was discussed. Appellant charges—and upon that rests one of its defenses—that Koob fraudulently and falsely misrepresented the amount owing on the mortgage debt, and that the misrepresentation was material. The burden upon this plea was, of course, on appellant. To sustain it, its local agent, Lang, was introduced as its witness. He testified that Koob told him that "he was paying off his mortgage;" that it was to some building association; that it was then a balance of $100, $150 or $200. His testimony shows his memory to be very unsatisfactory as to what actually occurred, further than that Koob told him there was some balance, from $100 to $200, owing on the mortgage to the building association. Koob testified that he told Lang of the mortgage; that he had been paying it off, but had stopped; that he thought he would be owing the association $200 or $300 or $400 balance, "with interest added." His memory does not appear to be much better than Lang's. His testimony indicates him to be an illiterate, ignorant man. In fact, we may easily see that he did not know what balance he was owing on his mortgage. His payment "on dues" amounted then to $195. He doubtless thought, as many persons have, that this sum was to be credited on his debt. If this had been so, the debt would have been $355. There is nothing to indicate that he intended to deceive the company's agent as to the amount of this debt. In this State these and similar statements are not warranties, but are representations only. And under section 639, Kentucky Statutes, it is also provided: "Nor shall any misrepresentation, unless material or fraudulent, prevent a recovery

on the policy." A comparison of the testimony of these two witnesses shows an entire absence of fraudulent motive. It also shows that Koob was admittedly unable to, and did not pretend to, give accurately the amount owing on the mortgage. The very fact that he is alleged to have represented it as running from $100, $150, to $200 was notice to his auditor that he could not and did not pretend to give the exact amount of balance owing. But we are authorized in adopting the estimate of those two witnesses, placed upon them by their chancellor, which was under the rule as to burden, to accept appellee Koob's statements, and the maximum sum stated by him is so near the true sum ($582.14) as that the difference, under the circumstances, can not be held to have been material to this risk. Light v. Insurance Co. (Tenn. Sup.), 58 S. W., 851. It follows from what has been said that, as there was not "other insurance," within the meaning of the law, upon appellee Koob's property, appellant was not entitled to prorate the loss with the policy issued to the mortgagee on his independent interest. Nor was appellant entitled to maintain a cross petition against the Agricultural Insurance Company for contribution. In denying a similar attempt in Insurance Co. v. Turnbull, 86 Ky., 236 (9 R., 544) 5 S. W., 542, this court held that the utmost of that clause was a defense to the company-insuring against the *pro rata* of the loss represented by the other policies, "and whether they [the insured] ever recovered the *pro rata* due by the other companies was a matter about which the appellant had no concern, and it should not have been allowed to meddle with it."

Judgment affirmed, with damages.