[No. 8. Second Appellate District.—June 16, 1905.]

## E. W. LORING et al., Appellants, v. DUTCHESS INSURANCE COMPANY, Respondent.

FIRE INSURANCE—POLICY ISSUED UPON KNOWN FACTS—WAIVER OF INCONSISTENT CONDITIONS.—The issuance of a policy of fire insurance upon known facts waives all conditions inconsistent therewith.

ID.—APPLICATION BY HOLDER OF EQUITABLE TITLE—LEGAL TITLE HELD AS SECURITY—CONDITION AS TO OWNERSHIP IN FEE.—An applicant for fire insurance in the sum of eight hundred dollars by one who had paid the consideration for the insured property, but who had taken the title in the name of another as security for a loan of five hundred dollars, who stated the facts about the title and the relation of the parties thereto in his application for the policy, and asked for insurance in the name of the creditor, the loss, if any, to be paid to the applicant as his interest may appear, is not precluded from recovery by an expressed condition in the policy

that the applicant was the sole owner in fee of the property destroyed.

ID.—CONSTRUCTION OF POLICY—JOINDER OF PLAINTIFFS.—The policy having issued with knowledge that the owner of the legal title had a smaller interest than the amount insured, with a proviso that the loss should be payable to the applicant, must be construed as intended to secure the interest of both of them, and the policy ran to both, and they were entitled to join as plaintiffs in an action upon the policy.

ID.—CERTAINTY IN PLEADING—KNOWLEDGE OF FACTS.—Where the complaint avers that in the proofs of loss the interest of the creditor in the policy was disclosed, it shows with sufficient certainty that defendant was advised of the respective interests of the plaintiffs. Where it affirmatively appears that the facts are equally in possession of both parties, the rule is applicable that ambiguities and uncertainties should be viewed in the light of the situation of the parties as to their knowledge of the facts.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Mills & Hizar, for Appellants.

H. S. Utley, for Respondent.

ALLEN, J.—Action upon a policy of insurance. Defendant demurred to the second amended complaint on the grounds: 1. That it did not state facts sufficient to constitute a cause of action; 2. That there was a misjoinder of parties plaintiff; and 3. That the complaint was ambiguous in various particulars, among which was, that it could not be ascertained therefrom what were the interests of plaintiffs in the property insured. The demurrer was sustained, and upon plaintiffs' refusal to amend, judgment was entered for defendant. This appeal is from the judgment.

The facts stated in the second amended complaint, so far as material, are: That plaintiff Bunch, having paid the consideration price for certain premises upon which the insured buildings were situated, caused legal title to be taken in his co-plaintiff Loring as security for a loan of five hundred dollars and interest. Thereafter Bunch made application (a copy of which application appears in the complaint) to the agent of the defendant company for a policy of insurance to

the amount of eight hundred dollars upon such buildings, and in such application made known the state of title and the relation of the parties thereto, and directed the policy to be written in Loring's name, with the loss, if any, payable to Bunch as his interest may appear; all of which was done, Bunch paying to defendant the premium. In the policy, as appears by the copy made a part of the complaint, it was stipulated that it should be void if the interest of the insured should be other than unconditional and sole ownership. Loss, due proof thereof, and interests of plaintiff were averred.

It is insisted by defendant, in support of its general demurrer, that the actual condition of title as averred, when taken in connection with the averment that Bunch was the sole owner in fee of the property destroyed, precludes recovery. With this contention we do not agree. The issue of a policy upon known facts waives all conditions inconsistent therewith. (*Sharp* v. *Scottish Union etc. Ins. Co.*, 136 Cal. 542, [69 Pac. 253, 615]; *Allen* v. *Home Ins. Co.*, 133 Cal. 29, [65 Pac. 138].) Plaintiffs each had an insurable interest in the property. (Civ. Code, sec. 2546; *Davis* v. *Phoenix Ins. Co.*, 111 Cal. 414, [43 Pac. 1115].) The defendant, having been apprised of the fact that Loring's interest was small, and upon such information issuing a policy for eight hundred dollars and accepting a premium based on that amount, with a proviso that the loss should be payable to Bunch, can only lead to the conclusion that the interests of Bunch and Loring were both insured, and the policy ran to both. To construe the contract as insuring only Loring, would be to say that Bunch was paying a premium and the company accepting the same upon an amount which, in the very nature of things, was far in excess of possible loss. It follows that plaintiffs, both being beneficiaries, could join in the action. Even in cases where part is payable to the assured and part to others, all of the beneficiaries may unite as plaintiffs in the action. (*West Coast Lumber Co.* v. *State etc. Co.*, 98 Cal. 513, [33 Pac. 258].)

The complaint was neither ambiguous nor uncertain in its allegation with reference to Loring's interest. It avers that in the proof of loss this interest was disclosed. From this it appears that defendant was advised, therefore, of the respective interests. "Faults consisting in ambiguities and un-

certainties should be viewed, to a certain extent, in the light of the situation of the parties as to their knowledge of the facts.'' (*Schaake* v. *Eagle etc. Can Co.*, 135 Cal. 485, [63 Pac. 1025, 67 Pac. 759].) And the rule is proper in cases where it affirmatively appears that the facts are equally in possession of both parties.

We do not regard the complaint as ambiguous or uncertain in any of the other respects claimed. Enough appears in the complaint to render it easy of comprehension and free from reasonable doubt. (*Salmon* v. *Wilson*, 41 Cal. 602.)

Judgment is reversed, with directions to the court below to overrule the demurrer to the second amended complaint.

Gray, P. J., and Smith, J., concurred.