DIETZEL *v.* PATRONS' MUTUAL FIRE INSURANCE CO. OF MICHIGAN.

1. INSURANCE—MAY NOT BE PRORATED WHERE INTERESTS COVERED ARE DISTINCT.

Where one partner carried insurance covering his individual interest in partnership property, arbitrators adjusting loss under another policy covering the partnership's interest were not justified in prorating the insurance; the interests covered by the two policies being distinct.[1]

2. EQUITY—COURT HAVING JURISDICTION SHOULD DISPOSE OF ENTIRE CONTROVERSY.

Where plaintiffs in their bill of complaint prayed the equity court to determine the amount of their fire loss, the court, having jurisdiction of the parties and subject-matter, should dispose of the entire controversy and order judgment and execution therefor.[2]

---

[1]Fire Insurance, 26 C. J. § 465; [2]Equity, 21 C. J. § 117.
On applicability of provision in insurance policy for prorating where other policy is invalid, see note in 36 L. R. A. (N. S.) 350.

3. COSTS—WHERE BOTH PARTIES APPEAL NO COSTS AWARDED.
   Where both parties appealed from the decree entered,
       neither are entitled to costs, in the Supreme Court, on
       affirmance.[3]

Appeal from Arenac; Smith (Guy E.), J.   Submitted June 16, 1925.   (Docket No. 59.)   Decided October 1, 1925.

Bill by Ferdinand Dietzel and another against the Patrons' Mutual Fire Insurance Company of Michigan to determine the amount due under a policy of insurance.   From the decree rendered, all parties appeal. Affirmed.

*R. J. Crandell* and *William T. Yeo,* for plaintiffs.

*Kinnane & Leibrand,* for defendant.

MOORE, J.   The plaintiffs are owners of a large farm and considerable personal property.   On June 1, 1918, a policy for $5,500 insurance was issued on the interest of Ferdinand Dietzel in the property, and a like policy was issued to Herbert Dietzel on his interest in the property.   These policies were issued by a company which we will call the Flint company. June 1, 1920, the defendant company issued to the two plaintiffs a policy of insurance for $19,600.   In the application mention was made of the two policies carried by the Flint company, and it was expected they would both be canceled.   Shortly thereafter the Flint company was requested in writing to cancel the two policies.   Through some mistake only the policy issued to Herbert Dietzel was canceled.

December 20, 1920, the plaintiff sustained a fire loss.   The Flint company paid the loss on articles not covered by the policy of defendant company.   The

[3]Costs, 15 C. J. § 599.

defendant paid the other loss and by the advice of an attorney the plaintiffs assigned their claim against the Flint company to the defendant company.

February 28, 1921, the defendant company issued another policy to the plaintiffs for $3,900 representing in this application that they did not carry any other insurance.   All of the policies had what is known as a *pro rata* clause in the case other insurance was taken.

April 17, 1922, a fire caused by lightning destroyed buildings and personal property which plaintiffs claim were of the value of $6,375.12.   On the same day plaintiffs sent a telegram to the defendant advising it of the loss, and asking it to send an adjuster.   On May 3d, the secretary of the company and Mr. Christie visited the scene of the fire for the purpose of adjusting the loss.   On May 19th, Mr. Christie notified plaintiffs that the loss had been adjusted at the sum of $3,657.10.   The plaintiffs claimed this amount should have been $1,680.03 larger, and gave notice of an appeal to the board of arbitration.

After a considerable delay for which both parties were responsible the board of arbitration made an award allowing the plaintiffs the sum of $2,022.59, and the defendant tendered plaintiffs that amount. This reduction from the amount of the adjustment was made because the arbitrators learned that the policy of the Flint company issued to Ferdinand Dietzel had not been canceled and insisting upon the right of the defendant company to prorate the insurance, though the Flint company insisted its policy was suspended automatically by the fact of insurance in the defendant company.   The Flint company policy had a provision that it should be suspended in case other insurance was obtained unless consent thereto in writing by the secretary of said company was given, and that such consent had never been given.

232—Mich.—27.

The defendant appellant raises many questions in the brief, but its counsel states that the real question is whether the defendant company had a right to prorate the insurance. In considering this question it may be stated that it is unnecessary to decide just what the status is between the Flint company and Ferdinand Dietzel. If that policy was still a valid one it covered only his interest in the policy and did not inure to the benefit of the Dietzel brothers.

In the recent case of *Lubetsky* v. *Insurance Co.*, 217 Mich. 654, Justice BIRD, speaking for the court, said:

"The rule applicable in such cases is stated in 14 R. C. L. p. 1310:

" 'A provision in a policy that in case of any other insurance on the property insured, made prior or subsequent to the policy, the assured shall be entitled to recover no greater proportion of the loss than the sum insured bears to the whole amount so insured therein, applies only to cases where the insurance covers the same interests, and can have no application to insurance obtained upon another distinct insurable interest in the property, citing *Traders' Ins. Co.* v. *Pacaud*, 150 Ill. 245 (37 N. E. 460, 41 Am. St. Rep. 355); *Home Ins. Co.* v. *Koob*, 113 Ky. 360 (68 S. W. 453, 58 L. R. A. 58, 101 Am. St. Rep. 354); *Ætna Fire Ins. Co.* v. *Tyler*, 16 Wend. (N. Y.) 385 (30 Am. Dec. 90); *Niagara Fire Ins. Co.* v. *Scammon*, 144 Ill. 490 (28 N. E. 919, 32 N. E. 914, 19 L. R. A. 114).' * * *

"See, also, 4 Joyce on Insurance, § 2490; 4 Cooley's Briefs on Insurance, p. 3105; *Johnson* v. *Insurance Co.*, Holmes (U. S.), 117 (13 Fed. Cas. 776); *Fox* v. *Insurance Co.*, 52 Me. 333."

December 20, 1923, the plaintiffs filed the bill of complaint in this case setting out in detail its version of what occurred, and praying that the adjustment and the award might be set aside and also praying:

"That said court determine the amount of the loss sustained by the plaintiffs under the terms and conditions of said policies of insurance, caused by

lightning which destroyed the buildings and property of said plaintiffs on April 17th, A. D. 1922, in the township of Mason in said county of Arenac, as aforesaid.

"That the plaintiffs may have such other and further relief in the premises as equity may require and to this honorable court shall seem meet."

The defendant answered and a hearing was had. The trial judge was of the opinion that the board of arbitration had no right to prorate the insurance, and that the value fixed by the adjustment was fair and made a decree accordingly. We think it must be said the board of arbitration had no right to prorate the insurance. A reading of the record has not satisfied us that the decree is wrong as to the amount of loss.

Counsel for the plaintiffs appellants now ask, we quote from the brief:

"Plaintiffs in their bill of complaint prayed the court to determine the amount of the loss sustained by plaintiffs, for the purpose of showing the inadequacy of the amount awarded by said company as aforesaid, but did not ask for a judgment and execution therefor. Plaintiffs represent that on a trial in the circuit court where the sole question involved would be the amount of damages sustained by plaintiffs by reason of such loss, plaintiffs would recover a larger verdict than that found by said court. Also there may be a question as to the right of the court to order execution to issue on such a determination on the issues involved in this suit, for which reason plaintiffs also claim benefit of appeal from the decree therein."

We do not think this contention of counsel is tenable. They have appealed to a court of equity. We have already quoted a portion of their prayer.

The court having jurisdiction of the parties, and of the subject-matter, there is no reason why it should not dispose of the whole controversy. See *C. H. Little*

*Co.* v. *L. P. Hazen Co.,* 185 Mich. at p. 325 *et seq.; Tessler* v. *Rothman, ante,* 62.

The decree is affirmed.    As both parties appealed to this court neither will recover costs in this court, but plaintiffs will recover costs in the court below.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.