[Civ. No. 5783.   First Appellate District, Division One.—December 12, 1927.]

JOHN W. MOSEE, Respondent, v. FIREMEN'S INSURANCE COMPANY OF NEWARK, Appellant.

Chauncey F. Eldridge and George O. Bahrs for Appellant.

Miller & Thornton for Respondent.

CASHIN, J.—An appeal by defendant, Firemen's Insurance Company of Newark, from a judgment entered in favor of the plaintiff in an action on a policy of fire insurance.

The appeal involves the question whether the defendant is liable for the full amount of a loss or for the proportion thereof which the amount of its policy bears to the total amount of insurance on the property insured.

The facts are as follows: On November 7, 1912, the plaintiff executed to Charles Mettler a promissory note for $1,225, payable three years after date, and to secure the payment thereof executed to Los Angeles Title & Trust Co. a deed of trust to certain real property upon which a dwelling-house was situated. The trust deed authorized the trustee and the beneficiary thereunder to maintain insurance upon the dwelling-house to the satisfaction of either of them at the expense of the plaintiff. At the time the trust deed was executed a policy of insurance upon the dwelling was issued to the plaintiff by defendant, insuring him against loss or damage by fire, the loss, if any, being made payable to Mettler, who then selected the defendant as a company satisfactory to him. On February 20, 1913, this policy expired and the defendant, at the request of the plaintiff, issued and delivered to him the policy involved in this action, which was for $1,300 and covered the same property. The latter policy insured the interest of the plaintiff, the loss or damage, according to a mortgage clause or rider attached, being made payable to Mettler, who, however, refused to accept the policy as being satisfactory. On February 21, 1913, Mettler, without the knowledge or consent of the plaintiff, procured from the Queen Insurance Com-

pany a policy upon the same property for $1,250, which also insured the plaintiff, the loss or damage being payable to Mettler. The plaintiff in turn refused to accept the policy issued by the Queen Insurance Company or to pay the premium thereon, of which facts the latter company was notified; whereupon it requested Mettler to retain the policy, and agreed to recognize liability to him alone to the extent of his interest in the property insured. The plaintiff and Mettler each retained the policy procured by him, and on October 20, 1913, a fire occurred which damaged the property to the extent of $825.

In the body of the policy issued by the defendant appears the following clause: "This company shall not be liable under this policy for a greater proportion of any loss on the described property or for loss by and expenses of removal from the premises endangered by fire than the amount hereby insured bears to the entire insurance covering such property whether valid or not or by solvent or insolvent insurers," and the mortgage clause or rider attached provided as follows: "In case of any other insurance upon the within described property this company shall not be liable under this policy for a greater proportion of any loss or damage sustained than the sum hereby insured bears to the whole amount of insurance on said property issued to or held by any party or parties having insurable interest therein whether as owner, mortgagee or otherwise."

It is contended by defendant that the clauses quoted limited its liability to a proportionate part of the loss, namely, $420.55; and that the conclusion of the trial court that plaintiff was entitled under the policy to a judgment for the full amount of the loss was erroneous.

According to the agreement between Queen Insurance Co. and Mettler, the insurance issued to the latter was limited to his interest in the property; and it being the rule that the interest created by a mortgage or deed of trust in the nature of a mortgage is an insurable interest distinct from that of the mortgagor or grantor (Civ. Code, sec. 2546; 26 Cor. Jur., Fire Insurance, sec. 11, pp. 29, 30; *Davis* v. *Phoenix Ins. Co.*, 111 Cal. 409 [43 Pac. 1115]; *Loring* v *Dutchess Ins. Co.*, 1 Cal. App. 186, 188 [81 Pac. 1025]), as is held in the following cases, separate insurance procured thereon is not other insurance requiring an appor-

tionment of the loss upon a claim by the owner on a policy insuring his interest, as the clause first quoted above has no application to insurance obtained upon another distinct insurable interest in the property: *Commercial etc. Assur. Co.* v. *Scammon,* 144 Ill. 506 [32 N. E. 916]; *Traders Ins. Co.* v. *Pacaud,* 150 Ill. 245 [41 Am. St. Rep. 355, 37 N. E. 460]; *Home Ins. Co.* v. *Koob,* 113 Ky. 360 [101 Am. St. Rep. 354, 58 L. R. A. 58, 68 S. W. 453]; *Hardy* v. *Lancashire Ins. Co.,* 166 Mass. 210 [55 Am. St. Rep. 395, 33 L. R. A. 241, 44 N. E. 209]; *Tuck* v. *Hartford Fire Ins. Co.,* 56 N. H. 326; *Eddy* v. *London Assur. Corp.,* 143 N. Y. 311 [25 L. R. A. 686, 38 N. E. 307]; *Smith* v. *American Ins. Co.,* 177 Mich. 123 [143 N. W. 54]; *Dietzel* v. *Patrons Mutual etc. Co.,* 232 Mich. 415 [205 N. W. 149].

█ The form of mortgage clause or rider attached to the policy issued to the plaintiff is that known as the Union mortgage clause; and, unlike the open mortgage clause, which is but a provisional assignment of the contingent proceeds of the policy (*Reynolds* v. *London etc. Ins. Co.,* 128 Cal. 16 [79 Am. St. Rep. 17, 60 Pac. 467]), operates as an independent contract of insurance between the insurer and the mortgagee, giving the latter the same protection as if he had taken out a separate policy (*Collinsville Sav. Soc.* v. *Boston Ins. Co.,* 77 Conn. 676 [69 L. R. A. 924, 60 Atl. 647]; *Hartford Fire Ins. Co.* v. *Olcott,* 97 Ill. 439; *Magoun* v. *Firemen's Fund Ins. Co.,* 86 Minn. 486 [91 Am. St. Rep. 370, 91 N. W. 5]; *Allen* v. *St. Paul F. & I Ins. Co.,* 167 Minn. 146 [208 N. W. 816]; *Phenix Ins. Co.* v. *Omaha L. & T. Co.,* 41 Neb. 834 [25 L. R. A. 679, 60 N. W. 133]; *Smith* v. *Union Ins. Co.,* 25 R. I. 260 [105 Am. St. Rep. 882, 55 Atl. 715]; *Ormsby* v. *Phenix Ins. Co.,* 5 S. D. 72 [58 N. W. 301]; *Eddy* v. *London Insur. Corp., supra; Hastings* v. *Westchester Fire Ins. Co.,* 73 N. Y. 141; *Syndicate Ins. Co.* v. *Bohn,* 65 Fed. 165 [27 L. R. A. 614]; *People's Savings Bank* v. *Retail Merchants etc. Assn.,* 146 Iowa, 536 [31 L. R. A. (N. S.) 455, 123 N. W. 198]). As stated, the provision of the mortgage clause last quoted is not found in the body of the policy; and it is manifest from the omission that it was the intention that the same should apply only in the event that contractual relations between the insurer and a mortgagee should be established. The sole purpose of the mortgage

clause was to give Mettler the benefit of the direct obligation of the insurer under a policy which the plaintiff assumed would be satisfactory; and, as held in the above cases, such would have been its effect had the policy been accepted. It cannot fairly be assumed, however, that the plaintiff agreed or that the insurer contemplated that the obligation of the latter should be limited further or otherwise than as provided in the body of the policy unless the benefit of the mortgage clause should be accepted by Mettler. The latter by his refusal having declined to enter into contractual relations with the insurer, or to accept the proposed benefit, the circumstances sufficiently support the implied conclusion of the trial court that the mortgage clause never became effectual as part of the policy.

The defendant paid into court a sum equal to a proportionate part of the loss for which it acknowledged liability; and from the sum deposited certain taxes thereon were deducted by the proper authorities pursuant to section 3647 of the Political Code. It is contended that the tender under the provisions of section 1504 of the Civil Code stopped the running of interest on the obligation, and that the amount deducted for taxes was chargeable to the plaintiff as the party ultimately entitled to the deposit (*Los Angeles* v. *Los Angeles Water Co.*, 137 Cal. 699 [70 Pac. 770]). Whatever the effect of an offer made and accepted as part payment of the claim in suit, here, as shown by the record, the offer—which was not accepted by the plaintiff—was to be in full satisfaction of the claim. Under such circumstances the amount deposited remained the property of the defendant; as such, was subject to taxation, and, in view of the finding that the plaintiff was entitled to judgment for a sum in excess of that offered, the offer was ineffectual for any purpose (Code Civ. Proc., secs. 997, 1030; *Fell* v. *Frierson*, 171 Cal. 351 [153 Pac. 229]).

It is our conclusion that the construction placed upon the policy by the trial court was correct, and that the plaintiff was entitled to recover from the defendant the full amount of the loss.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 9, 1928.

All the Justices concurred.