INSURANCE COMPANY v. WEIDE.

1. Whether or not on the transfer of a case from a State court to a Federal court, under the 12th section of the Judiciary Act, a new declaration should be filed, is a question of practice and not a subject for error.

2. In a suit against an insurance company for the value of goods lost in the burning of a store, day-books and ledgers, whose correctness as showing the amount and value of the goods is testified to by the person proving them, are, in connection with his testimony, competent evidence, though they would not be so by themselves, to show such value.

8. Where a witness in such a suit, when examined in chief, testifies apparently to the correctness of an abstract made from papers burnt in the fire, and is cross-examined upon the subject of that correctness, the party cross-examining cannot, where he has not caused the cross-examination to be brought up on the bill of exception, object, on a question, on error

as to the admissibility of the abstract, that the witness has not testified sufficiently to the correctness. He should have caused the cross-examination to appear on the bill if he wish to show this.

4. Its correctness being assumed, the abstract is good as secondary evidence.

Error to the Circuit Court for the District of Minnesota.

Charles Weide and Joseph Weide, of Minnesota, brought suit in one of the State courts of Minnesota against the Ætna Insurance Company, on a policy of insurance, to recover $10,000 insured upon a stock of goods lost by fire within the conditions of the policy. The suit was removed to the Federal court under the 12th section of the Judiciary Act, which enacts that suits such as the present was may be transferred, and that copies of the process being filed in the Circuit Court, "the cause shall proceed there *in the same manner as if it had been brought there by original process.*"

A copy of the process, and of the complaint in the State court, were filed in the Circuit, and the company, the defendant, appeared there and put in its answer to the complaint; but no new declaration was filed.

On the trial, the counsel for the defendant moved to dismiss the cause from the docket, on the ground that a new complaint or declaration, properly entitled, had not been filed in the Circuit; but the motion was denied.

The principal question in the case, however, was as to the admissibility of evidence. Both the plaintiffs in the court below were witnesses to prove the value of the goods in the store lost by the fire. All the books of account were burnt, except two day-books and a ledger. The day-books covered entries of sales and purchases in the store from 1865 down to the day of the fire, which was on the 22d of February, 1867. The ledger began the 1st of October, 1866, and contained a merchandise account, posted from the day-books, also coming down to the time of the fire. Joseph Weide, one of the plaintiffs, testified that the value of the goods at the time of the fire, according to the books, was $45,564.64, and with profits added, would amount to $70,000; that the cash inventory of the goods, the last of February, 1866, amounted to $75,500; that he got the amount from the fly-

leaf of the ledger, upon which, in July, 1866, he made an abstract from the inventories for several years before the fire; and that these inventories were destroyed by it. The witness identified the day-books and ledger, and testified that these books were kept by him and his partner, as they had no clerk; that they were the books kept in their business, and *that they were correct;* that the entries in the day-books were the original entries of purchases and sales; that he could not state from recollection the amount or value of the stock on hand at the time of the fire, nor at the time of taking the last inventory, in February, 1866, nor by the purchases and sales after that inventory. This witness was cross-examined, among other things, as to the entries in the ledger, and as to the entries on the fly-leaf, and as to the correctness of these entries, and of the amounts therein stated. The evidence on the cross-examination is not stated in the bill of exceptions.

Charles Weide, the other member of the firm, was also examined, and, as the record stated, gave, in substance, the same testimony as Joseph.

Other witnesses were called, and gave evidence as to the value of the goods in the store at the time of the fire.

The plaintiffs then offered in evidence the fly-leaf of the ledger, a copy of which was in the record. The defendant objected to the same as incompetent and immaterial, and not made at the date of the transaction. The court admitted it. They also offered in evidence the two day-books and ledger, which were objected to, but admitted.

Verdict and judgment having been given for the plaintiff, the insurance company brought the case here.

*Messrs. Brisbin and Lamprey, for the plaintiff in error:*

1. Upon the transfer the action should have proceeded as if then originally commenced in the Circuit Court. A new complaint or declaration should have been filed. This was not done. As there was thus no declaration for the defendant to answer, there was no jurisdiction, and the action should have been dismissed on the defendant's motion.

2. The fly-leaf of the ledger purported to contain an abstract of inventories for several years. The witness, Joseph Weide, who made the abstract, stated that the entries on the fly-leaf were all made July, 1866, and were an abstract from inventories for several years prior to the fire. The witness did not state that he made these inventories nor that he knew them to be correct. It follows, therefore, that this fly-leaf was a mere abstract from inventories for several years, not produced and not known to be correct, and only a partial copy of such inventories, and not made at the date of the transaction. They were but the declarations of a party in his own behalf; incompetent and immaterial, and we urge the same objections to the admission of the day-books and ledger.

*Messrs. Peckham and Allis, contra.*

Mr. Justice NELSON delivered the opinion of the court.

As the first question raised. If there was any irregularity in not filing a new complaint or declaration, it was too late, after the defendant had taken issue upon the complaint, to take advantage of it. The question, however, whether a new complaint, or declaration, should have been filed on a removal of the cause from a State court, is one of practice, and not the subject for which error will lie.

As to the second question, the admissibility of the evidence received by the court. There can be no doubt but the day-books and ledger, the entries in which were testified to be correct by the persons who made them, were properly admitted. They would not have been evidence, *per se*, but with the testimony accompanying them all objections were removed.*

So, in respect to the memorandum on the fly-leaf of the ledger. It was made by one of the witnesses, taken from inventories, present at the time it was made, but which had been subsequently destroyed by the fire. Those inventories, if they had been in existence, would have been the best evi-

---

* Wood *v.* Ambler. 4 Selden, 170.

dence, and, unless their loss was accounted for, must have been produced. But, being lost, parol evidence of their contents was admissible, as secondary evidence, and so was the memorandum taken from them, for the like reason. As we understand the evidence in the case, the correctness of the entry was testified to. The witness was cross-examined, among other things, as to the correctness of it. The testimony is not given, but, if the evidence of the witness had not been satisfactory, it should have been placed upon the record.

In *Merrill* v. *The Ithaca and Owego Railroad Company*,* it was held that when original entries are produced, and the person who made them, and knew them at the time to be true, testified that he made the entries, and that he believed them to be true, although at the time of testifying he had no recollection of the facts set forth in the entries, such evidence is admissible, as *primâ facie* evidence for the jury. In this case, Mr. Justice Cowan, who delivered the opinion of the court, examined most of the authorities, English and American, on the subject. The same doctrine is also sustained by the case of *Guy* v. *Mead*.†

The learned counsel for the plaintiff in error is mistaken in supposing that the witness Joseph Weide did not testify to the correctness of the facts stated in the memorandum. As already stated, this very point was made the subject of cross-examination, and, if the witness failed to testify to it, the fact should have been set forth in the record, as it was most material for the defendant. The witness had stated on his examination-in-chief, that he made the abstract in July, 1866, from the inventories for several years previous to the fire. Nothing else being shown, the inference is that it was correctly made: hence the cross-examination on this point to show the contrary. We think that the memorandum was properly admitted, and that the judgment should be

AFFIRMED.

* 16 Wendell, 586.                † 22 New York, 465–6.