## BRUNSWICK-BALKE-COLLENDER CO. *v.* NORTHERN ASSURANCE CO.

1. Fire Insurance — Action on Policy — Ownership of Property—Knowledge of Agent—Evidence.

In an action on a fire-insurance policy, defended on the ground that plaintiff had not the unconditional ownership of the property insured, plaintiff may show by defendant's agent who issued the policy that he inquired and was told who had the title and who had possession of the property, the conversation being admissible as res gestæ and as showing the knowledge of defendant's agent that plaintiff had the title while another had possession.

2. EVIDENCE—CONCLUSIONS—ADMISSIBILITY.

To ask of the purchaser of property on a contract of conditional sale when he was to have the title refers to the agreement and is not objectionable as asking for a conclusion as to the effect of the contract.

3. SALES—CONDITIONAL SALE—CHATTEL MORTGAGES—WAIVER OF TITLE.

The seller of property on a contract of conditional sale does not waive his title by taking a chattel mortgage of the buyer for the unpaid portion of the purchase price.

4. FIRE INSURANCE—OWNERSHIP OF PROPERTY.

The title to property insured against fire is none the less in its owner because he has sold it by a contract of conditional sale and taken a chattel mortgage for the unpaid portion of its price.

5. APPEAL AND ERROR— DECISION ON FORMER APPEAL— LAW OF THE CASE.

The decision of a point on a former appeal is the law of the case, the proof being the same.

6. FIRE INSURANCE — BREACH OF CONDITIONS — FORFEITURE OF POLICY—GASOLINE.

The keeping of gasoline on the premises in breach of the conditions in a policy of insurance will not work a forfeiture unless it causes or contributes to a loss. Section 5182, 2 Comp. Laws.

Error to Delta; Stone, J. Submitted October 15, 1907. (Docket No. 65.) Decided December 10, 1907.

Assumpsit by the Brunswick-Balke-Collender Company against the Northern Assurance Company on a policy of insurance. There was judgment for plaintiff, and defendant brings error. Affirmed.

*T. B. White* (*Myron H. Beach,* of counsel), for appellant.

*Judd Yelland,* for appellee.

HOOKER, J. The plaintiff is a corporation doing business in Chicago, dealing in saloon furniture. In 1901 Guy and Nels W. Rawson made a contract of purchase

and obtained from the plaintiff saloon fixtures at the agreed price of $2,050, and of that value, to be used by them in a saloon which they proposed to open in Escanaba, Michigan. At or subsequent to the time of the negotiations they paid $500 upon the contract, and for the remainder of the purchase price they gave to the plaintiff their promissory notes, each of which contained the clause, "The title to remain in the Brunswick-Balke-Collender Company until the goods are fully paid for." There was evidence tending to show that these notes were secured by a chattel mortgage upon the property and at the time the Rawsons were authorized to procure insurance upon the property at Escanaba in the name and behalf of the plaintiff. They applied to one McKana, an insurance agent at Escanaba, for such insurance in plaintiff's name, who, after issuing a policy which his company refused to accept and canceled, and being unable to place it in any other company represented by him, went to Linden, defendant's local agent at Escanaba, for the insurance, and procured the policy sued on in this case. This was in December, 1901.

On April 11, 1902, the Rawsons sold and transferred by bill of sale to their mother, Viola Rawson, all of their interests in this property, and she afterwards procured from Linden additional insurance upon this and other property but in different companies. On April 19, 1902, the property was destroyed by fire except a billiard table valued at $200 which Rawson Brothers had previously shipped to Minneapolis by plaintiff's direction. The policies issued to Mrs. Rawson were settled. Proofs of loss signed and sworn to by John Cummiskey, as agent and attorney for the plaintiff, were made, in which it was stated that no assignment of the policy or the interest of the assured had been made; that the property insured belonged to plaintiff at the time of the fire, and no other person had any interest therein, except that about November 1, 1901, it sold and transferred the property to Guy and Nels Rawson, and they executed to plaintiff a chattel mortgage on

the same for $1,400; that the insured was informed of a
subsequent assignment by Guy and Nels Rawson to Viola
Rawson; that the property was wholly destroyed; that
the value of the property and the loss was $2,165, and that
the whole insurance consisted of three policies, defendant's
of $1,100, running to plaintiff, and $2,300 to Mrs. Raw-
son.

This action was brought upon the policy to recover the
loss, and a verdict and judgment for the plaintiff followed
and the defendant has brought the cause to this court by
writ of error. It has been before us on a former occasion
when we passed on several questions which appear in this
record. See 142 Mich. 29. It will not be necessary to
discuss them at length here. We will refer to the assign-
ments of error in the order of their discussion in defend-
ant's brief.

1. Linden, defendant's agent, was asked if he knew
who had possession of the property at the time the policy
was issued. He said he inquired of McKana and was in-
formed that the Rawson Brothers had. The plaintiff was
allowed to show by the same witness that he asked Mc-
Kana who owned the property and was told that it be-
longed to the plaintiff. It was proper to show this as part of
the res gestæ and as showing the knowledge of the defend-
ant's agent that plaintiff owned the property while the
Rawsons had possession. Moreover it is conclusively
proved that Rawsons had the possession and that plaintiff
reserved the title, by witnesses who testified to their own
knowledge of the matter.

2 and 3. These assignments relate to questions regard-
ing the title to the property. Guy Rawson was asked,
"When was the title to vest in Rawson Brothers?
When were you to get title? When were you to own
it?" We construe these to be questions concerning the
agreement rather than an asking for a conclusion as to
the effect of the contract. A question asked plaintiff's
vice-president does call for a conclusion, but it was harm-

less, for there was an abundance of uncontradicted testimony that the title was in the plaintiff.

4 and 5. Counsel are insistent that the taking of a mortgage made plaintiff a mortgagee and indicates that it had not the unconditional and sole ownership of the property. We held in *Stack* v. *Olmsted*, 127 Mich. 359, that an owner did not necessarily waive title by taking a mortgage from a purchaser. It is doubtful if the record fairly raises the question, but assuming that it does, the plaintiff's interest was not incumbered by mortgage. It was in no way lessened by the fact that plaintiff's reserved title was supplemented by a mortgage upon the purchasers' interest, whatever it may have been. Had this mortgage been given by the plaintiff upon its interest it might justify defendant's claim.

6. It is claimed that the policy became void according to its terms, for the reason that plaintiff had, at the time of the fire, a floating policy which covered the same property. The question is ruled by our former decision, the proof being the same. 142 Mich. 37.

7 and 8. Defendant's counsel requested the court to instruct the jury that if gasoline was kept on the premises it was a breach of the conditions of the policy, and that plaintiff could not recover. This was given with the limitation that such instruction would not apply unless an explosion proved in the case was caused by gasoline kept on the premises, and that fire ensued, by which the property was destroyed. It is claimed that the keeping of such gasoline and its explosion were facts conclusively proved. We think otherwise, and that the question was one for the jury. The addition to the request was in conformity to the condition of the standard policy, provided for by 2 Comp. Laws, § 5182.

9. We see no occasion to reverse the order denying a motion for a new trial.

The judgment is affirmed.

McAlvay, C. J., and Carpenter, Ostrander, and Moore, JJ., concurred.