GOODWIN *v.* UNION INSURANCE CO. OF PHILADELPHIA.

1. INSURANCE — WEIGHT OF EVIDENCE — FRAUDULENT REPRESENTATIONS.

In an action on a fire insurance policy, in which defendant claimed a change in the title to the insured property, and fraud of the insured, *held* that a verdict for the plaintiff was supported by sufficient evidence.

2. SAME—EVIDENCE—HEARSAY—PROOFS OF LOSS.

While the proofs of loss are inadmissible, if unsupported by testimony of their correctness, to show the value of the property destroyed, it was not error to receive them as evidence of compliance with the policy, or as evidence of the value, after the plaintiff had used them to refresh his recollection and had testified to the correctness of the items.

3. SAME—TITLE—CONVEYANCE OF PROPERTY—DELIVERY.

It appearing that plaintiff had conveyed the property to his wife previously to the fire, and had placed the bill of sale on record, a showing that he had done so without the knowledge of his wife, to conceal the property from his creditors, tended to rebut the presumption of delivery and raised an issue of fact for the jury.

4. SAME—CONTRACTS—CONSTRUCTION.

It was proper to charge the jury that certain riders attached to the insurance policy might be considered in determining whether or not the insured had informed the agent as to the true state of the title.

5. SAME—FOREIGN CORPORATIONS—VERDICT.
    The court will not assume, without proof, that the jury was prejudiced against the defendant because it was a foreign corporation.

6. TRIAL—ARGUMENT—CONDUCT OF COUNSEL.
    Remarks of counsel in argument directed at defendant's counsel personally, and of an uncourteous nature, cannot be held to have influenced the verdict.

Error to Wayne; Rohnert, J. Submitted June 10, 1910. (Docket No. 38.) Decided September 28, 1910.

Assumpsit by William P. Goodwin against the Union Insurance Company of Philadelphia on a policy of insurance. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Lehman, Riggs & Lehman,* for appellant.
*Bernard B. Selling,* for appellee.

BIRD, C. J. This is an action upon a Michigan standard fire insurance policy to recover for a loss which the plaintiff suffered to his saloon and café in Mt. Clemens on the 31st day of December, 1906. The total amount of insurance carried by the plaintiff was $10,000, divided among several companies. The policy in suit was one for $1,500. The claimed loss was $5,936.19. The jury found that the loss was $5,388, and apportioned $808.20 of this sum to the policy in suit, and judgment was rendered for that amount against the defendant. A motion for a new trial was made and denied, and defendant assigns error thereon.

The grounds urged by defendant for a reversal of the case are:

(1) The verdict was against the weight of evidence and was contrary to the law and to the charge of the court.

(2) It was error to permit the proofs of loss to be used as evidence of value.

(3) That the court erred in refusing to direct a verdict

for the defendant on the ground that the property was conveyed to his wife prior to the fire.

(4) Because the court did not construe the riders attached to the policy for the benefit of the jury.

(5) That the verdict was due to the natural prejudice of the jury against foreign corporations, and especially against a foreign insurance company.

*First.* On the part of the defense, it was insisted that the plaintiff was not the unconditional and sole owner of a large part of the insured property at the time the policy was issued, and that the property was afterwards incumbered by a chattel mortgage without the knowledge or consent of the defendant, and that, by reason thereof, all rights under the policy were forfeited. It was further charged that plaintiff was guilty of fraud in claiming damages to property which he never owned, and of making false and fraudulent statements in his proofs of loss. Plaintiff answered these charges by claiming that the state of plaintiff's title was fully disclosed to the agent prior to the issuance of the policy, and that there was no chattel mortgage upon the property at the time of the fire. Plaintiff denied the allegations of fraud. There was a spirited contest over these issues at the trial, and much testimony was taken bearing on them. Nearly all of the issues presented questions of fact and were submitted to the jury.

The jury reduced plaintiff's claim several hundred dollars, and doubtless rejected some of the items that were in dispute. It would be unprofitable for us to attempt to review all the testimony which made for or against these claims. It is sufficient to say that, after having examined the record with much care with reference to them, we are not persuaded that the verdict was against the weight of the evidence. We think there was testimony, which, if believed by the jury, would furnish a basis for the verdict which they returned. Neither are we persuaded that the verdict was contrary to the law or to the charge of the court.

*Second.* Complaint is made that the proofs of loss were

used to prove the value of the property destroyed or damaged and were submitted to the jury for that purpose. If this use was made of the proofs of loss without any further evidence of the value and the correctness of them, it was error. *Kennedy* v. *Insurance Co.*, 157 Mich. 411 (122 N. W. 134); *Cascade, etc., Ins. Co.* v. *Publishing Co.*, 1 Wash. St. 452 (25 Pac. 331); *Williams* v. *Insurance Co.*, 54 Cal. 442 (35 Am. Rep. 77). But we do not understand the record to show that this was done. At the outset of the trial, plaintiff's counsel offered in evidence the proofs of loss, but the court declined to receive them, except for the purpose of showing a compliance with the stipulations of the policy. Subsequently plaintiff held them in his hand while testifying, and swore to the value of each article in the order in which it was inventoried in the proofs of loss. He testified that he had assisted in making the proofs of loss. Our understanding is that the witness used them for the purpose of refreshing his recollection. At the close of the trial, the proofs of loss were readmitted without objection, and the jury allowed to inspect them. We think there was no error in this. It would be difficult, indeed, for one who might sustain a loss to a stock of merchandise or to household goods to enumerate each item while on the witness stand without having recourse to a memorandum to refresh his recollection.

*Third.* This complaint relates to the refusal of the court to direct a verdict for the defendant on the ground that the property had been conveyed by plaintiff to his wife previous to the fire. Plaintiff testified that he had conveyed the property to his wife without her knowledge, and placed the bill of sale of record to keep the property out of reach of his creditors, and that the bill of sale was never delivered to her. The court submitted the question of delivery to the jury, and from their verdict it must be assumed that they found that there was no delivery of the paper. These facts bring the case within the ruling of *Hogadone* v. *Insurance Co.*, 133 Mich. 339 (94 N. W.

1045).   Defendant argues that the case is ruled by *Kaufman* v. *State Savings Bank*, 151 Mich. 66 (114 N. W. 863, 18 L. R. A. [N. S.] 630, 123 Am. St. Rep. 259), and *Bangs* v. *Browne*, 149 Mich. 478 (112 N. W. 1107).   An examination of the latter cases will disclose that a presumption of delivery was raised by the acts and statements of the grantors and these presumptions were not rebutted, while in the *Hogadone Case*, and in the one before us, the presumption of delivery arising from the act of making the deed and placing it of record was rebutted by the positive testimony of the plaintiff that he never delivered it.   This raised a question of fact which was proper to submit to the jury, and we think the trial court was in no error in so doing.

*Fourth.* There were two riders upon the policy, describing the property insured, and it was insisted by the defendant that the language used therein should be construed to mean that the plaintiff was the unconditional and sole owner of the property, while the plaintiff claimed that the language of the riders did not import unconditional and sole ownership, but bore out the testimony of the plaintiff that he informed the agent of the state of his title before the policy was issued.   Upon this question the court first charged the jury as follows:

" That it must clearly appear by the rider that that was the intent; otherwise it is not an exception to the terms of the stipulation of the policy with regard to an unconditional ownership.   It must clearly appear in the rider that it was intended to make an exception."

Subsequently, at the request of plaintiff's counsel, the court charged the jury upon that question as follows:

" I withdraw from your consideration the constructions to be placed upon the language of the riders as far as my instructions to you permitted you to determine what those riders meant.   However, you will consider them solely for the purpose of their bearing upon the testimony of Mr. Nunnely and Mr. Goodwin, touching the proposition as to whether or not Mr. Goodwin communicated to Mr. Nunnely at any time when he was getting the insurance

that he owned the property otherwise than unconditionally and solely. That is, you may consider the riders only for that purpose."

We think the charge of the court as given latterly fairly covered that question. It was a question of veracity between the insured and the agent as to whether the insured had communicated to the agent the state of his title prior to the issuing of the policy. The language of the riders was submitted to the consideration of the jury to aid them in determining whether the insured or the agent had testified truthfully in regard to it. This submission very clearly placed before the jury the use they should make of the riders, and, if defendant's counsel had desired anything further in connection with it, they should have so requested the court at that time.

*Fifth.* Defendant claims that the verdict was due to the natural prejudices of the jury against a foreign corporation, and especially against a foreign insurance company, and that the remarks of plaintiff's counsel during the trial, and his argument to the jury, intensified these natural prejudices. We do not think that this court should assume without proof that the jury were prejudiced against the defendant because it was a corporation, or because it was a foreign insurance corporation. The objectionable remarks and argument of counsel complained of were mostly of a personal nature directed to defendant's counsel, and were not in every instance pertinent or courteous, but it would be going too far to assume that they influenced the verdict which the jury returned.

The judgment of the trial court is affirmed.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.