MISSOURI, K. & T. RY. CO. OF TEXAS v. PATTERSON et al.

(Court of Civil Appeals of Texas. Texarkana. March 6, 1914. Rehearing Denied March 12, 1914.)

1. EVIDENCE (§ 373*) — DOCUMENTARY EVIDENCE—AUTHENTICATION—INVENTORY.

In an action for the loss of a stock of goods set on fire and burned by a passing train, an inventory, made by plaintiff and his wife, plaintiff calling off the articles, and his wife entering them on the book, was properly admitted in evidence, where its correctness was testified to by plaintiff; it not being necessary for the wife to testify also.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1581–1586, 1590, 1592, 1593, 1610, 1611; Dec. Dig. § 373.*]

2. APPEAL AND ERROR (§ 1051*)—REVIEW—HARMLESS ERROR.

Where, in an action for the loss of a stock of goods set on fire by a passing train, an original inventory in evidence contained mistakes in stating the aggregate amounts, any error in admitting a copy correcting such errors was not prejudicial; the correctness of the copy not being questioned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec Dig. § 1051.*]

3. WITNESSES (§ 257*)—MEMORANDA—ADMISSION IN EVIDENCE.

In such action, where plaintiff used copies of invoices received from wholesale dealers after the fire to refresh his memory in testifying as to the different items of the stock of goods, the invoices were properly admitted in evidence to assist the jury.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 892; Dec. Dig. § 257.*]

4. EVIDENCE (§ 354*) — DOCUMENTARY EVIDENCE—BOOK OF ACCOUNTS.

In an action against a railroad for the value of goods lost in the burning of a store, a ledger, whose correctness as showing the amount of cash sales and credit sales from the first of the year to the date of the fire was testified to by plaintiff, was properly admitted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1432–1483; Dec. Dig. § 354.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

5. EVIDENCE (§ 355*) — DOCUMENTARY EVIDENCE.

In an action against a railroad for a stock of goods lost in the burning of a store, a tabulated statement or summary, prepared by plaintiff, showing the value of the goods, etc., was properly admitted; it being based upon testimony before the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1444, 1484–1491; Dec. Dig. § 355.*]

6. EVIDENCE (§ 560*)—EXPERT EVIDENCE—EVIDENCE IN REBUTTAL.

Where, in an action for a stock of goods set on fire and burned by a passing train, experts had testified that cinders escaping from locomotive equipped as defendants' was would not go beyond the right of way, plaintiff was properly allowed to show in rebuttal that cinders had, on several different occasions, started fires beyond the right of way.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2380; Dec. Dig. § 560.*]

Appeal from District Court, Camp County; R. W. Simpson, Judge.

Action by W. R. Patterson against the Missouri, Kansas & Texas Railway Company of Texas, in which the Occidental Fire Insurance Company intervened. From a judgment for plaintiff and intervener, defendant appeals. Affirmed.

Appellee Patterson, who hereinafter will be designated as "plaintiff," sued appellant, alleging that he had been damaged in the sum of $6,000 as the result of negligence on the part of appellant in permitting fire to escape from one of its locomotive engines, whereby his stock of general merchandise was destroyed. He further alleged that his said stock of merchandise at the time it was destroyed was insured against fire in the sum of $2,000 by a policy issued to him by the other appellee, the Occidental Fire Insurance Company, hereinafter designated as "intervener," and that it was stipulated in said policy that, in the event the goods should be destroyed by fire, as they were, by the negligence of any person or corporation, intervener, on the payment of the loss covered by the policy, should be subrogated, to the extent of such payment, to his right of recovery against such person or corporation. He further alleged that intervener had paid him $2,000 on account of the destruction of said goods, as it had agreed by its said policy to do, and that he had transferred to it his right of recovery against appellant for its negligent act resulting in the destruction of his said stock of merchandise, to the extent of $2,000. He prayed that intervener be notified of his suit, and that, if it intervened, it have judgment against appellant for said sum of $2,000, and that he have judgment against it for $4,000. The verdict was in favor of intervener, it having made itself a party, for the sum of $2,000, and in favor of the plaintiff for the sum of $2,126.98. Judgment having been rendered in accordance with the verdict, appellant prosecuted this appeal.

The testimony was sufficient to support the findings involved in the verdict, and we find that, as the proximate result of negligence on the part of appellant as charged in the petition, goods belonging to plaintiff of the value of $4,126.98 were destroyed by fire on June 12, 1912.

Dinsmore, McMahan & Dinsmore, of Greenville, and Alex S. Coke, of Dallas, for appellant. W. R. Heath and Bass & Engledow, all of Pittsburg, and Locke & Locke, of Dallas, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] On January 1, 1912, plaintiff, assisted by his wife, made an inventory of his stock of merchandise. In making the inventory, plaintiff counted and measured the articles, stating the name, quantity, and cost thereof to his wife, who, standing by his side, wrote down same in a book. After plaintiff had testified that, in making the inventory, he called the names, quantity, and cost price of the articles correctly, and saw that his wife entered same correctly on the book, the inventory was offered as evidence. Appellant objected to same, on the ground that it appeared the entries were made by plaintiff's wife, who had not testified to the correctness thereof. The objection was overruled, and the inventory was admitted as evidence. As supporting its contention that the court erred in admitting the inventory, appellant cites Ins. Co. v. Bank, 30 S. W. 384, and Baldridge v. Penland, 68 Tex. 441, 4 S. W. 565. In the case first mentioned it appeared that the books offered as evidence were, during a part of the time they covered, kept by a partner who did not testify, and during the remainder of the time by a partner who did testify, and that no one had testified to the correctness thereof. It is obvious, we think, that the case does not support the appellant's contention. The inventory in question was not made at different times by different persons, and its correctness was shown by the testimony of the plaintiff, who, jointly with his wife, made it. The other case cited is not more in point. The assignment is overruled.

[2] It appeared that in some instances, where the entry in the inventory was of several articles of the same value, mistakes were made in stating the aggregate value of the articles, as, for instance, in this entry: "36 men's shirts, cost 82½¢, $28.70"; the mistake being in stating the aggregate value of the 36 shirts to be $28.70, instead of $29.70. A copy of the inventory, in which the errors referred to were noted and corrected in this way, to wit: "36 men's shirts, cost 82½¢—correct extension $29.70, original extention $28.70," was admitted as evidence, over the appellant's objection thereto on the ground that it "was not an original, but was secondary evidence, and because no suffi-

cient predicate had been laid for its introduction, and because said instrument had not been sufficiently proven." It was not questioned that the copy was a correct one of the inventory made as stated above; on the contrary, it appears from the statement of facts agreed to by the parties that it was a correct copy of that inventory, with the addition only of entries showing the true aggregates where, in instances like the one noted above, erroneous aggregates had been stated in the inventory. We think it sufficiently appears from the statement made that no injury could have resulted to defendant from the action of the court in admitting the copy as evidence. It served the useful purpose of enabling the court and jury to readily determine what ones among the aggregates stated in the inventory were incorrect.

[3] The invoices of the goods purchased by plaintiff having been destroyed by the fire that destroyed the goods, plaintiff thereafterwards procured duplicates of said invoices from the dealers who sold him the goods. With reference to these invoices, plaintiff testified that he procured them within a short time after the fire occurred; that they covered goods purchased by and delivered to him during the time intervening between January 1, 1912, and the date of the fire; that, as said goods were delivered to him, they were added to and became a part of the stock of merchandise destroyed by the fire; and that the prices at which the goods were sold to him were correctly stated in the invoices. When the duplicate invoices were offered as evidence, appellant objected to the admission of same, on the ground that "no sufficient predicate had been laid for their introduction, and because it is shown that the instruments were not originals, and that plaintiff had procured said instruments from some source since the fire, and because the said instruments were not sufficiently proven." The copies were used by the plaintiff to refresh his memory in testifying as stated above, and, as memoranda so used, were admissible. Ry. Co. v. Sol Fried Co., 81 Miss. 314, 33 South. 74; Gross v. Scheel, 67 Neb. 223, 93 N. W. 418; Bourda v. Jones, 110 Wis. 52, 85 N. W. 671; Goodwin v. Ins. Co., 163 Mich. 41, 127 N. W. 790; Atherton v. Emerson, 199 Mass. 199, 85 N. E. 530; Furlong v. Ins. Co., 136 Iowa, 468, 113 N. W. 1084; Ry. Co. v. Startz, 42 Tex. Civ. App. 85, 94 S. W. 207; 1 Greenl. Ev. § 439c.

[4] From January 1, 1912, to the date of the fire, plaintiff kept a "daybook," in which he noted sales made on a credit as they occurred. He also had a "ledger," which contained his cash account and accounts against those of his customers to whom he sold on credit after said January 1, 1912, to the date of the fire. At the close of business each day, he had noted on the cash account the aggregate of sums received by him during that day from sales then made, and of sums collected that day on sales on credit previously made. These entries, he testified, were correct. The daybook was destroyed by fire. The ledger was offered, and, over appellant's objection, admitted as evidence to show the cash sales from January 1, 1912, to the date of the fire, and the sales on credit during the same time. We think the court did not err in admitting the ledger as testimony. Ins. Co. v. Weide, 76 U. S. (9 Wall.) 677, 19 L. Ed. 810.

[5] Over appellant's objection, the court admitted as evidence a summary, or tabulated statement, prepared by plaintiff, based on testimony before the jury, showing the value of his stock of goods on January 1, 1912, the value of goods thereafterwards purchased by him and added to the stock before the fire occurred, the amount of cash received from sales made during that time, the amount of sales on credit during the time, etc. We think the statement was within a rule well established as permissible in such cases, and that the court did not err in admitting it. 2 Wigmore on Ev. § 1230; 1 Greenleaf on Ev. § 563h. Based as it was on testimony before them, the jury were in a position easily to verify the correctness of the statement, and presumably did so. It served the purpose of relieving the jury of the labor of themselves making such a statement as a basis for the verdict they were to render, and could not have operated to the prejudice of defendant.

[6] After witnesses for defendant, as experts, had testified that the average width of defendant's right of way was 50 feet on each side of its track, and that cinders escaping from locomotives equipped as those used by defendant were would fall to the ground before passing beyond the right of way, and were incapable, if they passed beyond it, of then starting a fire, plaintiff and the intervener, over appellant's objection, proved by the witnesses Armsworthy, Bridges, and Newsome that, on occasions within their knowledge, locomotive engines used by appellant had carried live cinders beyond its right of way, which had started fires at points farther than the point where the fire started on this occasion was from said right of way. The testimony objected to plainly was in rebuttal of that offered by appellant, and the court did not err in admitting it.

As already stated, we think the testimony was sufficient to support the finding of the jury that appellant was liable as charged, and also sufficient to support their finding that plaintiff was damaged in the sum stated in the verdict. Therefore the eleventh and twelfth assignments are overruled.

The assignments not disposed of by what has been said are overruled.

There is no error in the judgment demanding its reversal. Therefore it is affirmed.