### KELLY v. UNITED STATES.

No. 5885.

Circuit Court of Appeals, Fifth Circuit.

Feb. 11, 1931.

J. L. Roberson, of Clarksdale, Miss., Sam I. Osborn, of Greenwood, Miss., and Sam C. Cook, Jr., of Clarksdale, Miss. (S. I. Osborn, of Greenwood, Miss., J. L. Roberson, of Clarksdale, Miss., Osborn & Witty, of Greenwood, Miss., and Roberson & Cook, of Clarksdale, Miss., on the brief), for appellant.

Lester G. Fant, U. S. Atty., of Holly Springs, Miss.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant was convicted under an indictment which charged that he, while a bankrupt, concealed from his named trustee certain property consisting of money and merchandise of the value of $16,000, the exact description of which money and merchandise was alleged to be unknown to the grand jury. Error is assigned on the overruling of a demurrer to the indictment, on rulings on objections to evidence, and on the court's refusal to give requested instructions to the jury.

The indictment was demurred to on the ground of the asserted insufficiency of its averments as to the appellant having been adjudged a bankrupt, and as to the reference of the bankruptcy proceedings to a referee; its allegations in those regards being that appellant, on January 10, 1928, "was duly adjudged a bankrupt within the meaning and purview of the Bankruptcy Laws of the United States, and the proceedings duly referred to William A. Schmitt, Referee in Bankruptcy of and for the Northern District of Mississippi." Those allegations immediately followed allegations to the effect that on the 9th day of January, 1928, appellant filed in the court below a voluntary petition in bankruptcy praying that he be adjudged by that court to be a bankrupt. In the trial an order of the referee adjudging the appellant a bankrupt, dated January 10, 1928, and an order of the clerk of the same date reciting the absence of the judge from the district when said petition was filed and referring said matter to W. A. Schmitt as referee, were introduced in evidence. It was suggested that the quoted allegations were insufficient, in that they failed to charge by whom or how appellant was adjudged a bankrupt, or how or by whom the bankruptcy proceedings mentioned were referred to the referee. In the connection in which the quoted allegations were made, they imported an adjudication of bankruptcy made by the court in which the bankruptcy petition was filed and an order of reference in the proceeding which was instituted by the filing of that petition. While it is not sufficient to allege that a thing which is of the essence of an offense attempted to be charged was "duly" done, without so far stating details as to enable the court to determine whether it was or was not "duly" done, such technical definiteness of allegation is not required as to a fact the existence of which is a preliminary or condition of the doing of what is the real substance of the offense, especially where such fact is action taken by a court in a proceeding alleged to have been instituted by the accused; the allegation being one which can be sustained only by the court record of that proceeding. Kerrch v. United States (C. C. A.) 171 F. 366; United States v. Crane, 25 Fed. Cas. page 689, No. 14,887; Levy v. United States (C. C. A.) 35 F.(2d) 483. The purpose of the indictment was to charge the offense denounced by the provision of amended section 29b of the Bankruptcy Act, that "a person shall be punished by imprisonment for a period of not to exceed five years upon conviction of the offense of having knowingly and fraudulently (1) concealed from the receiver, trustee, United States marshal, or other officer of the court charged with the control or custody of property, or from creditors in composition cases, any property belonging to the estate of a bankrupt." 44 Stat. 665, § 11 (11 USCA § 52(b). The real substance of the offense was the described concealing of

property, though that offense could not have been committed by the accused unless he had been adjudged a bankrupt. In the circumstances disclosed, the criticized allegations could not have had the effect of keeping the indictment from making known to the accused what he was called on to answer, or from so identifying the offense charged that a judgment of acquittal or conviction successfully could be set up in bar of another prosecution for the same offense. The court did not err in overruling the demurrer to the indictment. Even if that ruling were erroneous, the attending circumstances made it a merely technical error which did not affect the substantial rights of the appellant, and it is not a ground for reversing the judgment of conviction. 28 USCA § 391.

■ The court overruled an objection to the introduction in evidence of the order adjudging the appellant a bankrupt, on the ground that that order was made by the referee and the evidence of it was variant from the above set out allegation of the indictment as to appellant being adjudged a bankrupt. That allegation is not plainly inconsistent with the adjudication of bankruptcy having been made by the referee. But, if it did import that that adjudication was made by the judge, the variance between it and the evidence objected to was not material, not being of a character to mislead the appellant in maintaining his defense to the charge made. It was material to prove that allegation in so far as it was to the effect that appellant was adjudged a bankrupt, but it was not material to prove that that adjudication was made by the judge, instead of by the referee, where the latter was authorized to make it. Grayson v. Lynch, 163 U. S. 468, 16 S. Ct. 1064, 41 L. Ed. 230.

■ The court overruled an objection to testimony of the referee that F. F. Fleming was elected trustee by the creditors at their first meeting. It appeared that the appointment of Fleming was not evidenced by a written instrument signed by the referee; but it also appeared from the evidence that Fleming gave bond with surety, conditioned for the faithful performance of his duties, that he acted as trustee of the bankrupt's estate, and that he was recognized and treated as such trustee by the court and others concerned. Written evidence of the fact of the appointment of a trustee by the creditors of a bankrupt not being required, parol evidence of that fact is admissible, in connection with evidence that the person so shown to have been appointed trustee acted as such and that his official status was recognized by the court and by others concerned. Sharfsin v. United States (C. C. A.) 265 F. 916.

■ Over objection of the appellant, the court admitted in evidence books of account, the contents of which purported to be records of the appellant's business during the years 1926 and 1927. There was testimony identifying those books as the ones which the temporary receiver of the bankrupt's estate after his appointment found in the bankrupt's store, and that they were posted under the bankrupt's supervision and direction during the period from January 1, 1927, to June 1, 1927, by a witness who was employed as a clerk by the bankrupt during that time. Direct and circumstantial evidence indicated that the entries in those books were made under the direction or with the knowledge of the defendant, and for the purpose on his part of their constituting a record of the business transacted by him. This constituted a prima facie showing of what was required to make those books, or entries therein having the appearance of regularity, admissible as evidence against the appellant. Ætna Insurance Company v. Weide, 9 Wall. 677, 19 L. Ed. 810; Arnold v. United States (C. C. A.) 7 F.(2d) 867; Kerrch v. United States, supra. That prima facie showing having been made, the objection under consideration was not well taken.

■ For the appellant it was contended that a requested instruction to find in his favor should have been given because there was no evidence tending to prove the commission of the offense charged in the indictment. There was evidence to the following effect: A written statement of his financial condition on January 20, 1927, signed by the appellant and sent by him to wholesale merchants, showed that his stock then was inventoried at $16,661.84. His books showed that between that date and the date of the filing of the voluntary bankruptcy petition, January 9, 1928, appellant's purchases of merchandise amounted to $39,962.03; the aggregate of the two just mentioned sums being $56,623.87. Those books showed that during the period mentioned goods returned to sellers, cash sales, and overhead expenses, such as clerks' hire and appellant's personal expenses, amounted to $30,506.85; a result being that the balance to be accounted for was $24,483.33. A summary of debts and assets filed by appellant with his bankruptcy petition showed no cash on hand and "stock in trade, $8,000.00." Two

witnesses testified that they checked the labeled goods in the store after the bankruptcy and found labeled merchandise of the value of $5,750. One of those witnesses stated that he estimated the remainder of the merchandise in the store at that time to be $1,500. A traveling salesman testified that he visited appellant's store in the fall of 1927, when the store was full of merchandise; that a sale was going on then, and eight or ten clerks were employed; that he visited the store in December, 1927, about thirty days before the bankruptcy, when appellant was doing a tremendous business; that he then saw appellant taking in lots of money, and saw him taking money out of the register and putting it in his pocket, appellant then claiming that there was so much money in the register that the register would not hold it. Another witness stated that he examined appellant's stock of merchandise after the bankruptcy and found therein very little of the merchandise purchased by appellant during the fall of 1927, as shown by invoices attached to claims of creditors filed with the referee. In November, 1927, appellant stated to a wholesale merchant from whom he then purchased goods that his business was in good condition and profitable, and that he then had a pretty heavy stock, probably in the neighborhood of about $20,000. There was no evidence tending to prove that appellant's assets were wasted or dissipated, or that he involuntarily lost control of any of them.

Above-mentioned evidence indicated that there was a shortage of assets amounting to more than $16,000, which was not explained by appellant's books or any other evidence. The alleged concealment of money and merchandise was capable of being proved by circumstantial as well as by direct evidence. One's possession shortly prior to a given date of substantial amounts of money and merchandise which he did not then disclose, though required by law to do so if he then had those assets, and the absence of evidence that any of that money or merchandise was wasted or dissipated or that he involuntarily lost control of any of it, are circumstances which properly may be considered in determining whether he did or did not conceal all or some of those assets at and after that time. If the evidence had shown that, on the day before the filing of the voluntary bankruptcy petition, the appellant had a substantial sum of money and merchandise amounting to greatly more than $8,000, that his bankruptcy schedules filed with his petition indicated that he had no money and only $8,000 worth of merchandise, and that there had been an absence of any explanation of the discrepancy between what he had had on one day and what he disclosed the next day, it hardly would have been contended that there was no basis for an inference that after his bankruptcy the appellant was concealing from his trustee money and merchandise. The difference between the suggested state of evidence and the above-indicated state of evidence in the trial is that the former shows a more recent possession of unaccounted for assets than was shown by the latter, which, however, showed such a possession by appellant of substantial amounts of unaccounted for money and merchandise so short a time prior to his bankruptcy as, in the absence of any explanation as to what became of those assets, reasonably might be considered to indicate that his possession or control thereof continued after bankruptcy. The difference was not such as to keep what the evidence adduced in the trial showed and failed to show from having a substantial tendency to prove the concealment charged in the indictment. The evidence was such as to make the question whether that charge was or was not proved beyond a reasonable doubt one for the jury. Arine v. United States (C. C. A.) 10 F.(2d) 778; Frieden v. United States (C. C. A.) 5 F.(2d) 556; Paszkiewicz v. United States (C. C. A.) 3 F.(2d) 272. It follows that the court did not err in the ruling under consideration.

The court's refusal to give a requested instruction was complained of. That ruling is not a ground of reversal, because the proposition embodied in that requested instruction was covered by the court's charge to the jury.

The record showing no reversible error, the judgment is affirmed.