Emanuel D. KELMANS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20245.

United States Court of Appeals Fifth Circuit.

Oct. 15, 1963.

Rehearing Denied Dec. 12, 1963.

v.

**CHRYSLER CORPORATION**, a corpora-
tion, Defendant and Third-Party
Plaintiff,

v.

Mary **DUCSAY**, formerly Mary Drain,
and Alex Drain, and Mt. Lebanon Mo-
tors, Inc., a Pennsylvania Corp., Third-
Party Defendants.

Mary **DUCSAY**, formerly Mary Drain,
and Alex Drain, Individuals,
Plaintiffs,

v.

**CHRYSLER CORPORATION**, a corpora-
tion, Defendant and Third-Party
Plaintiff,

v.

**MT. LEBANON MOTORS, INC.**, a Penn-
sylvania Corporation, Third-Party
Defendant.

Mt. Lebanon Motors, Inc., Appellant.

*No. 14409.*

United States Court of Appeals
Third Circuit.

Argued Oct. 24, 1963.

Decided Nov. 7, 1963.

J. Edward Worton, Miami, Fla., for
appellant.

Lloyd G. Bates, Jr., Asst. U. S. Atty.,
William A. Meadows, Jr., U. S. Atty.,
Miami, Fla., for appellee.

Before CAMERON, WISDOM, and
GEWIN, Circuit Judges.

PER CURIAM.

The defendant was convicted
on a one-count indictment charging him
with "knowingly and fraudulently mak-
[ing] a false oath" in a bankruptcy pro-
ceeding in that he swore to the bankrupt
having no assets "whereas in truth and
fact the said bankrupt had substantial
assets". The Court has read the record
and has carefully considered the briefs
filed and the oral argument. We find that
there is no merit to the appellant's con-
tentions. Contrary to the appellant's
contentions, we hold as follows:

(1) The indictment was sufficient;
the grand jury asserted knowledge of
substantial assets in the possession of
the bankrupt. United States v. DeBrow,
1953, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed.
92; Kelly v. United States, 5 Cir., 1931,
47 F.2d 122.

(2) The evidence was sufficient to show
that the defendant signed the bankruptcy
schedules under oath, an essential element
of the offense.

(3) The trial judge did not err in his
rulings on the admissibility of the evi-
dence introduced by the Government.

The judgment must be affirmed.